Eugene F. BRIECK and
Dolores J. Brieck

v.

HARBISON–WALKER REFRACTO-
RIES, A DIVISION OF
DRESSER INDUSTRIES.

Civ. A. No. 84–1594.

United States District Court,
W.D. Pennsylvania.

Jan. 16, 1986.

James H. Logan, Pittsburgh, Pa., for plaintiff Brieck.

James P. Hollihan, Pittsburgh, Pa., for defendant Harbison Walker.

## MEMORANDUM OPINION

GERALD J. WEBER, District Judge.

On January 8, 1986, plaintiffs moved for the Court to reconsider our December 19, 1985 Opinion and Order, 624 F.Supp. 363, granting defendant's motion for summary judgment. Upon review of our actions in light of plaintiffs' exceptions, we find no grounds for relief.

Defendant's motion under Federal Rule of Civil Procedure 56 was a challenge for both parties to produce evidence. Defendant had the rigorous burden of proving the absence of factual dispute and entitlement to judgment as a matter of law; plaintiffs were held simply to show a dispute of fact. In our opinion, applying governing case law, we found that Mr. Brieck made out a prima facie case of age discrimination.

Proceeding to the next phase of analysis, we found that defendant satisfied its resulting burden by producing evidence of legitimate business reasons for its actions. Plaintiffs then were required to resume their burden of persuasion in proving that age more likely motivated defendant or that its explanation was a pretext.

In attempting to carry this burden, plaintiffs failed to forge the critical link between defendant's actions and Mr. Brieck's age with *relevant* proof. The Court understood that Mr. Brieck had received a favorable note from a superior three months before his layoff, and had been sent on international assignments. Mr. Brieck's individual level of competence was not contested. We found it unnecessary to mention these and similar facts, however, because plaintiffs did not prove how these facts were at all related to a discharge motivated by age. Plaintiffs affidavits suffer from the same fault; they are conclusory and refer to no corroborating evidence. It would be improper for a jury to decide for plaintiffs in discrimination cases on this evidence alone. To deny summary judgment on the basis of these statements would render Rule 56 meaningless, since such claims may be pleaded by plaintiffs in all cases regardless of their other merits.

Plaintiffs repeatedly cite dicta concerning the limited scope of summary judgment, but this argument again is wide of the mark, distracting from the central issue on summary judgment, reference to disputed facts. The mere incantation that disputes exist, or that summary judgment is to be narrowly applied, is unpersuasive. We did not track the language of Rule 56

in our opinion, but we have no doubt that the opinion as a whole is true to its provisions. See Opinion at 366.

Plaintiffs also protest our description of Mr. Brieck on page 366 as having "little experience in areas related to installation specialist." It appears that our use of the word "related" is stricter than counsels' understanding, since defendant, after receiving plaintiffs' motion, also seeks to have this statement amended by changing the word to "unrelated." We referred to an installation specialist as one who supervises installations of refractory material, trains customers employees in operation and maintenance, and trouble-shoots to resolve complaints. See Opinion at 364. We referred to areas related to installation specialist as those which do not involve actual installation, such as price quotations, customer contract, and factory ordering, but which are executed by other personnel before and after the installation as part of the overall business of selling refractory products. Thus, "related" was intended to convey the meaning of areas connected with installation work without actually being part of it. We found that experience in these areas distinguished the relative qualifications of Brieck and Faust. In failing to create a dispute of fact over this issue by reference to relevant proof, and thus failing to refute defendant's explanation of legitimate reasons for its actions, there was no obstacle to finding defendant entitled to judgment as a matter of law. In any event, we will attempt to clarify our opinion by adding the word "other" to our language on page 6, so that the clause will read, "little experience in other areas related to installation specialist."

Finally, plaintiffs have not identified the rule under which they file their motion. It can only fall under Rule 60 since it was not filed within 10 days of our December 19, 1985 order as required by Rule 59. *Sonnenblick–Goldman Corp. v. Nowalk*, 420 F.2d 858 (3d Cir.1970). Under Rule 60, however, the time for filing appeal is not tolled. We therefore will enlarge the time for appeal for 10 days beyond the date of this order.

## ORDER

Plaintiffs' Motion for Reconsideration of the Court's December 19, 1985 Opinion and Order is DENIED. The time for filing an appeal from that Order is enlarged for 10 days beyond the date of this order. Furthermore, the Opinion accompanying the December 19, 1985 order shall be amended in accordance with the foregoing opinion. This amendment in no way affects the judgment.

SO ORDERED.