**FAST, Inc. v. SHANER et al.**

No. 9999.

United States Court of Appeals, Third Circuit.

Argued Dec. 9, 1919.

Decided April 28, 1950.

---

938

Thomas Raeburn White, Philadelphia, Pa. (W. Thomas McGann, Moorestown, N. J., C. Laurence Cushmore, Jr., White, Williams & Scott, Philadelphia, Pa., on the brief), for appellant.

Frank Rogers Donahue, Philadelphia, Pa. (Robert V. Bolger, II, Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and O'-CONNELL and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

The plaintiff, a corporation specializing in excavation and related work, here appeals from a judgment entered against it on a jury verdict. The action was instituted to recover damages for breach of an alleged contract which required the defendants, who are partners specializing in railroad construction, to award a subcontract to the plaintiff. In addition to contesting the terms of the understanding, the defendants set up the defense of impossibility of performance, asserting that the owner of the premises on which the work was to be done rejected the plaintiff as a subcontractor and awarded the prime contract to the defendants on condition that the subcontract be given to another firm. The plaintiff contends that the trial court erred in its determination as to the composition of the defense of impossibility of performance under the law of New Jersey, and seeks either direction of judgment in this Court, or a new trial.

■ The record discloses that the judgment was entered on the jury verdict on May 18, 1948. On May 21, 1948, the plaintiff filed its motions for a new trial and for judgment pursuant to Rule 50(b), Fed-

eral Rules of Civil Procedure, 28 U.S.C.A. Thereafter, on April 29, 1949, the learned District Judge filed his opinion in the matter in the course of which he stated that the motions were denied. The docket entry of April 29, 1949, reads, "Opinion * * * denying motion for judgment n. o. v. and for a new trial filed."

The state of the record in this case prevents us from reaching the merits of the controversy, for the situation presented is identical with that in Healy v. Pennsylvania Railroad Company, 3 Cir., 181 F.2d 934.

■■ It should be clear from the decisions of this Court in both In re D'Arcy, 3 Cir., 1944, 142 F.2d 313, and Healy v. Pennsylvania Railroad Company, supra, that we intend no undue circumscription of the devices, or the language, which may be employed below to dispose effectively of pending matters. But in the interest of practical administration, we note that the instant case highlights the inadvisibility of imposing upon lay personnel in the office of the Clerk of the District Court, who make the docket entries, the responsibility of examining the body of an opinion to find dispositive language, and to interpret the intendment of the Court. Rule 79, Federal Rules of Civil Procedure, requires the substance only of orders and judgments, which are generally terse and definitive, to be entered on the docket; merely the nature of other papers need be noted. Here, as in the Healy case, the opinion of the court below was docketed and entered consistent with its title and tenor as an opinion, which is all that could be justifiably required of the Clerk's office, and accordingly the notices necessary under Rule 77(d) with respect to orders and judgments were not sent. We reiterate, the primary responsibility rests upon the litigants to see to it that their record is in proper form at all times.

For the reasons stated in Healy v. Pennsylvania Railroad Company, supra, all of which are pertinent here, the instant appeal will be dismissed.

Judge O'Connell participated in the hearing and consideration of this case, but died before the instant conclusion was reached.