Walter F. O'BRIEN, Appellant,

v.

Russell C. HARRINGTON, Commissioner of Internal Revenue, Appellee.

No. 12298.

United States Court of Appeals
District of Columbia Circuit.

Argued May 6, 1955.

Decided April 12, 1956.

Mr. Edwin J. McDermott, of the bar of the Supreme Court of Pennsylvania, Philadelphia, Pa., pro hac vice, by special leave of Court, with whom Mr. J. Barry Cormany, Washington, D. C., was on the brief, for appellant.

Mr. Paul A. Sweeney, Atty., Dept. of Justice, with whom Messrs. Leo A. Rover, U. S. Atty., Carl W. Belcher, Asst. U. S. Atty., and John J. Cound, Atty., Dept. of Justice, were on the brief, for appellee.

Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

The appellant, Walter F. O'Brien, filed this action against the Commissioner of Internal Revenue, seeking a declaration that he had been improperly removed from his former position of Deputy Collector of Internal Revenue at Philadelphia, and an order directing the Commissioner to reinstate him. The defendant, now the appellee, moved to dismiss for failure to state a claim upon which relief could be granted and, in the alternative, for summary judgment.

After consideration of the defendant's alternative motions, the trial judge signed on March 17, 1954, an opinion which he denominated "Memorandum to the Clerk." In it he gave his reasons for holding O'Brien had been wrongfully removed from his position, but said he could not order reinstatment because (1) the plaintiff's former position had been abolished, and (2) authority to reinstate lay, not with the Commissioner, but with the Secretary of the Treasury who was not made a party. The opinion closed with the words "Order accordingly."

March 26, 1954, the judge signed an order, the pertinent portion of which follows:

"Ordered, adjudged and decreed that plaintiff was improperly placed in a leave-without-pay status after his resignation was rejected and was wrongfully discharged from his position as Deputy Collector in the Field Division of the Office of Collector of Internal Revenue for the First Pennsylvania District, and it is

"Further ordered that the Court is without authority to reinstate plaintiff to his former position * * *."

On the same day the foregoing order was signed, the clerk of the District Court made the following entry in the civil docket: "March 26, 1954. Order granting summary judgment in favor of Deft. [appellee] (N) McGuire, J." There is no other docket entry concerning the court's judgment.

In his notice of appeal filed in the District Court, O'Brien stated his appeal was "from the judgment of this Court entered on the 26th day of March, 1954 in favor of T. Coleman Andrews, Commissioner of Internal Revenue, defendant, against said Walter F. O'Brien, plaintiff."

■ Rule 79(a) of the Federal Rules of Civil Procedure requires the clerk to enter in the civil docket a brief notation showing the substance of each order and judgment of the court.[1] Rule 58 pro-

---

1. Rule 79(a), 28 U.S.C.A. is as follows:
 "(a) Civil Docket. The clerk shall

keep a book known as 'civil docket' of such form and style as may be pre-

vides that such notation in the civil docket constitutes the entry of the judgment; and the judgment is not effective before such entry.[2] Until the order or judgment is entered in the civil docket, the case is still in the District Court, there is no finality, and there can be no appeal.[3]

The clerk's notation in the civil docket that the order granted summary judgment to the Commissioner, standing alone and without reference to the order itself, means the court had decided (a) O'Brien had not been wrongfully discharged, and (b) was not entitled to reinstatement. But, upon examination of the court's memorandum to the clerk and the order pursuant to it which the judge signed, it is at once apparent that the clerk's entry of summary judgment in favor of the Commissioner as to both claims asserted by O'Brien is not a correct notation of the substance of the court's judgment. With respect to the first of O'Brien's claims to relief, as we have seen, the trial judge decided in his memorandum to the clerk and in the subsequent order that O'Brien had been wrongfully discharged; thus his decision was to award summary judgment in favor of O'Brien and against the Commissioner on that claim.

It follows that the clerk did not make a notation of the substance of the court's judgment, but distorted it by indicating a ruling directly contrary to that which had actually been made on the claim for declaratory relief.

The Supreme Court said, in United States v. Hark, 1944, 320 U.S. 531, 534, 64 S.Ct. 359, 361, 88 L.Ed. 290, "Where, as here, a formal judgment is signed by the judge, this is *prima facie* the decision or judgment rather than a statement in an opinion [which is not a part of the record proper] or a docket entry." This was, to be sure, a criminal case to which Rules 58 and 79(a) of the Civil Rules did not apply, but we have no doubt that the principle stated is also ap-

scribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States, and shall enter therein each civil action to which these rules are made applicable. Actions shall be assigned consecutive file numbers. The file number of each action shall be noted on the folio of the docket whereon the first entry of the action is made. All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The notation of an order or judgment shall show the date the notation is made. When in an action trial by jury has been properly demanded or ordered the clerk shall enter the word 'jury' on the folio assigned to that action. As amended Dec. 27, 1946; and Dec. 29, 1948 eff. Oct. 20, 1949."

2. Rule 58 is as follows:
  "Unless the court otherwise directs and subject to the provisions of Rule 54(b), judgment upon the verdict of a jury shall be entered forthwith by the clerk; but the court shall direct the appropriate judgment to be entered upon a special verdict or upon a general verdict accompanied by answers to interrogatories returned by a jury pursuant to Rule 49. When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs. As amended Dec. 27, 1946, eff. March 19, 1948."

3. St. Louis Amusement Co. v. Paramount Film Distributing Corp., 8 Cir., 1946, 156 F.2d 400; McAlister v. C. J. Dick Towing Co., 3 Cir., 1949, 175 F.2d 652; Weldon v. United States, 9 Cir., 1952, 196 F.2d 874; Cf. Martin v. Staples, 1947, 82 U.S.App.D.C. 370, 164 F.2d 106.

plicable in civil cases. The language quoted above was quoted and applied by Judge Simons of the Sixth Circuit in Bowles v. Rice, 1946, 152 F.2d 543, which was a civil case.

■ Moreover, the trial judge had told the clerk in advance what his decision was, and by later signing an order to that effect, he had settled and approved the form of the judgment as required by Rule 58. The previous memorandum to the clerk was, to all intents and purposes, a direction to enter a judgment in conformity therewith when he had settled and approved its form. The clerk's act in entering a judgment is ministerial and when he fails accurately to note in the civil docket the substance of a judgment which he has before him, he is guilty of a clerical misprision. A docket entry which indicates a judgment directly opposite to the court's decision must be set aside as improvidently entered without the direction of the court. Consequently the court's judgment with respect to the claim for declaratory relief has never been entered and has never become effective.

■ That being true, the entry of judgment in favor of the Commissioner on the claim for reinstatement was an entry of judgment on only one of two claims. Rule 54(b) authorizes the court to direct the entry of judgment on less than all the claims "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." There was no such express determination here. As a consequence, by the terms of Rule 54(b), the entry of judgment for the Commissioner on the reinstatement claim

did not terminate the action as to any claim, and the whole case is still in the District Court and under the Rule its order is "subject to revision at any time before the entry of judgment adjudicating all the claims." We conclude that the judgment of March 26, 1954, has never been entered pursuant to a direction of the court and has never become effective. It is therefore not appealable and this appeal must be dismissed.

■■ For the guidance of the District Court on remand, we think it proper to say that in this court the parties have agreed—and we think correctly— that the trial judge erred in holding he lacked authority to order reinstatement.[4] Upon the return of the case, the District Court should render a judgment not only on O'Brien's claim for a declaration that he was wrongfully discharged, but also on his claim to the affirmative relief of reinstatement; and having done so, the judge should direct the accurate entry of his judgment. While it is true that parties should protect their own interests by carefully watching docket entries, Fast, Inc., v. Shaner, 3 Cir., 1950, 181 F.2d 937, 938, it is also true that Rule 58 imposes on the judge substantial responsibility with respect to the entry of all judgments except those which grant the recovery of only money or costs or which deny all relief. The following comment in the Fast case applies to the case before us:

"* * * [T]he instant case highlights the inadvisability of imposing upon lay personnel in the office of the Clerk of the District Court, who make the docket entries, the responsibility of examining the

4. The trial court's conclusion that jurisdiction was lacking was based on a misinterpretation of the effect of Reorganization Plans No. 1 of 1952, 66 Stat. 823, set out at 5 U.S.C.A. following § 133z–15; and No. 26 of 1950, 64 Stat. 1280, set out at 5 U.S.C.A. following § 133z–15. Though the positions of "Deputy Collector" were abolished, the functions of those offices and the individuals occupying them were transferred to other positions under different names. 17 Fed.Reg. 4590, 8126 (1952).

As the operating head of the Bureau of Internal Revenue, by virtue of the transfer of functions effected by the Secretary of Treasury under Reorganization Plan No. 26 of 1950, supra, 17 Fed.Reg. 4590 (1952), appellee has authority to reinstate appellant. Mulligan v. Andrews, 1954, 93 U.S.App.D.C. 375, 211 F.2d 28.

body of an opinion to find dispositive language, and to interpret the intendment of the Court. * * * [T]he primary responsibility rests upon the litigants to see to it that their record is in proper form at all times."

Appeal dismissed.