235 F.2d 570
 George W. STEWARD, Jr., Appellant,
v.
The ATLANTIC REFINING COMPANY Defendant and Third-Party
Plaintiff, TERMINAL TRANSPORT COMPANY and Charles
T. Banks, Third-Party Defendants.
Elmer ROBINSON, Appellant,
v.
The ATLANTIC REFINING COMPANY, Defendant and Third-Party
Plaintiff, TERMINAL TRANSPORT COMPANY and Charles
T. Banks, Third-Party Defendants.
Kenneth DAVIS, Appellant,
v.
The ATLANTIC REFINING COMPANY, Defendant and Third-Party
Plaintiff, TERMINAL TRANSPORT COMPANY and Charles
T. Banks, Third-Party Defendants.
Edward W. HULTZ, Appellant,
v.
The ATLANTIC REFINING COMPANY, Defendant and Third-Party
Plaintiff, TERMINAL TRANSPORT COMPANY and Charles
T. Banks, Third-Party Defendants.
 Nos. 11883-11886.
 United States Court of Appeals Third Circuit.
 Argued May 7, 1956.
Decided July 9, 1956.
 
 George E. Beechwood, Philadelphia, Pa., for appellants.
 Otto Wolff, Jr., Philadelphia, Pa., for The Atlantic Refining Co.
 Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.
 McLAUGHLIN, Circuit Judge.
 
 
 1
 Appellee has moved to dismiss these appeals as premature, on the ground that certain motions remain undetermined in the district court. Judgment were there entered for defendant-appellee on December 15, 1955. On December 24, 1955 appellants filed a motion to set aside the jury's answers to interrogatories, motion for new trial, and motion to set aside the judgments in favor of the defendant and to enter judgments in favor of the plaintiffs. Those motions were not served on appellee until December 28, 1955, more than ten days after the judgments had been entered. On January 4, 1956 it moved to strike them as served out of time. While the latter motions were still pending appellants, on January 13, 1956, filed notices of appeal.
 
 
 2
 The motion to dismiss (applying to all four appeals) is founded on the theory that in order for this court to have jurisdiction the face of the docket must show the filed motions have been disposed of by definite orders made and entered in due form. The docket in these cases shows the motions filed but nothing further regarding them. Accordingly, it is argued, the appeals are subject to dismissal.
 
 
 3
 The motions to set aside the jury's answers to the court's interrogatories come under Rule 52(b), 28 U.S.C., to amend the findings of the trial court. Greenwood v. Greenwood, 3 Cir., 234 F.2d 276. As such they must be served not later than ten days after the entry of the judgments, Rule 59(e). The motions for a new trial under (b) of Rule 59 must also be served not later than ten days after the entry of the judgments and the motion to set the judgments aside and enter judgments in favor of the plaintiffs is one 'to alter * * * the judgment' therefore directly within Rule 59(e) and subject to the ten day service directive. The only valid motion to obtain the stated objectives is one that has been served in accordance with Rule 59(b) and (e). The mere record of the filing of such motions does not necessarily of itself defeat an appeal taken within the proper time. In the present matter the docket does not show these motions to have been served at all, and neither side contends that timely service was obtained. Accordingly, their bare filing, under the particular facts, is insufficient to make them other than nullities for by Rule 6(b) the time allowed for service of motions for a new trial under Rule 59(b) and (e) may not be extended.
 
 
 4
 To support its theory, appellee cites Green v. Reading Co., 3 Cir., 1950, 180 F.2d 149 and Healy v. Pennsylvania Railroad Co., 3 Cir., 1950, 181 F.2d 934, but those actions concededly involved motions timely served. And service within the time fixed is all important under Rule 73(a). Our recent opinion in Raughley v. Pennsylvania Railroad Co., 3 Cir., 1956, 230 F.2d 387 is controlling on this precise issue. There we said at pages 389 and 390:
 
 
 5
 '* * * Rule 73(a) does not specifically authorize a court to extend this time by entertaining and ruling on an untimely motion. We think that it cannot do so. The same clause in rule 6(b) prevents a court from extending the time for making those motions which under 73(a) toll the time for appeal. Thus it seems apparent that 6(b) renders a court powerless to entertain such motions when untimely made.'
 
 
 6
 In Raughley we were dealing with the requirement of Rule 7(b)(1) that a motion be in writing. Here, we must go a step further in the same orbit and for the identical reason of keeping the federal courts a going concern. The strong language the Court of Appeals for the Second Circuit used in Federal Deposit Ins. Corp. v. Congregation Poiley Tzedeck, 2 Cir., 1946, 159 F.2d 163, on the obligation generally of strict observance of the appellate steps illustrates the logic and sound sense of this. That court said at page 166:
 
 
 7
 'More is at stake than informing the appellee that the appellant is not content with the judgment. The courts themselves ought to be able to learn with assurance when the cause has been transferred, for their power to act depends upon that event. Nothing would be more conducive to uncertainty than to make the transfer turn upon transactions between the parties, which were nowhere recorded, but from which it might eventually be concluded that the appellant had adequately advised the appellee. Were that the test, we could not rationally stop at the service of a formal notice of appeal upon the appellee; any information would be enough: a letter, even an oral statement, provided it were explicit. To subject the relative powers of the courts to doubt until such vexed issues were decided-- perhaps at the end of the appeal itself-- would be anything but a step in aid of justice; the situation is one which demands some ready means of ascertaining the moment when occurs this 'crux of 'taking an appeal." The least requirement, which will be tolerable, is that some paper shall be accessible in the records of a court upon which both judges and parties can rely. * * * The appeals of Engel and of Gingold and his wife are dismissed.'
 
 
 8
 If the period for taking an appeal is to be suspended by motion, thereby postponing our jurisdiction, the rule formula must be strictly followed and should be evidenced by clear entries in the docket. If a filed paper is to deprive us of jurisdiction, it should indicate service complying with the rules or at least be susceptible of such proof. As we said in Fast, Inc., v. Shaner, 3 Cir., 1950, 181 F.2d 937, 938, 'the primary responsibility rests upon the litigants to see to it that their record is in proper form at all times.' Rule 6(b) makes it certain that our jurisdiction may not be defeated or delayed by the filing out of time motions as here presented.
 
 
 9
 The clerk of the district court will be directed to certify and transmit to this court the balance of the trial transcript.
 
 
 10
 Appellants' petition for leave to file consolidated briefs and appendices and to consolidate argument will be granted. Thirty days from the filing date of this opinion will be allowed appellants to file said briefs and appendices.
 
 
 11
 The motion to dismiss these appeals will be denied.