**SONNENBLICK–GOLDMAN CORP.**

**v.**

**Thomas NOWALK, Appellant.**

**No. 17797.**

United States Court of Appeals
Third Circuit.

Argued Oct. 3, 1969.

Decided Jan. 15, 1970.

Robert E. Wayman, Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for appellant.

Gerald S. Lesher, Baskin, Boreman, Sachs, Gondelman & Craig, Pittsburgh, Pa., for appellee.

Before STALEY, SEITZ and VAN DUSEN, Circuit Judges.

**OPINION OF THE COURT**

STALEY, Circuit Judge.

On October 30, 1968, the district court issued an order granting plaintiff's (ap-

pellee here) motion for summary judgment in this diversity civil action. The Clerk entered this judgment on the docket on October 31, 1968, and notices were mailed to the parties. Defendant-appellant's notice of appeal was filed in the district court February 12, 1969. Rule 4(a), F.R.App.P., allows thirty days from entry of the judgment for an appeal. Since greater than thirty days had elapsed, this appeal, at least on the surface, is untimely and thus subject to dismissal.

Defendant Nowalk, in an effort to overcome this defect, relies on a motion filed in the district court subsequent to the entry of judgment.[1] The motion requested the court to vacate its order of summary judgment and enter an order for rehearing and reconsideration. This motion was filed on November 13, 1968. The district court in a memorandum and order entered January 31, 1969, denied the motion as untimely. Nowalk's notice of appeal of February 12, 1969, is within the appeal period from this last order of the district court.

■ Certain motions do toll the thirty-day time limit for taking an appeal. Such a motion must satisfy two criteria. It must be one of the list of motions specifically enumerated in Rule 4(a), F.R.App.P., and it must be timely.

■ There is no question that Nowalk's motion satisfied the first requirement. His motion asked that the judgment be vacated and that the court grant rehearing and reconsideration. As such, it was a motion to alter or amend a judgment under Rule 59(e), F.R.Civ.P., Gainey v. Brotherhood of Ry. & S.S. Clerks, etc., 303 F.2d 716 (C.A. 3, 1962). Such a motion is one enumerated in Rule 4(a). It would, therefore, toll the running of the time for appeal, provided it was timely.

We note at this point that unless defendant's motion was timely, this court may lack jurisdiction to hear it. It has been held that the thirty-day period for taking an appeal is mandatory and jurisdictional, United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed. 2d 259 (1960); Fitzsimmons v. Yeager, 391 F.2d 849, 853 (C.A.3), cert. denied, 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968); Raughley v. Pennsylvania R. Co., 230 F.2d 387 (C.A.3, 1956).[2]

If defendant's motion failed to toll the running of the time for appeal, the appeal is late. Thus, the key issue is whether the motion was timely. Rule 59(e) provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." In order to determine if this appeal is timely, defendant's motion must have been served within the time required.

Rule 6(a), F.R.Civ.P., directs the computation of time in these circumstances. Since the day upon which the act occurred is not counted, October 31, 1968, the date of entry of judgment, cannot be counted. Starting with November 1, the ten-day period ends on November 10, 1968, which was a Sunday. Sundays are not counted, and since the next day, November 11, 1968, was Veterans Day, it likewise cannot be counted. Defendant then had until the end of November 12, 1968, to serve the motion upon plaintiff.

As this court stated in Fast, Inc. v. Shaner, 181 F.2d 937 at 938 (C.A.3, 1950): "* * * [T]he primary responsibility rests upon the litigants to see to it that their record is in proper form at all times." See also Brest v. Philadelphia Transportation Co., 273 F.2d 22 (C.A.3, 1959). In this case the record must show that service of the motion was made on or before the end of November 12, 1968.

---

1. At oral argument counsel for appellant-defendant was given additional time to respond to plaintiff's contention that the appeal was untimely and subject to dismissal. In his response, defendant offered the argument considered in the text.

2. For an interesting discussion of the jurisdictional aspects, see 9 J. Moore, Federal Practice ¶ 204.02 [2] (2d ed. 1969).

■ However, the record is barren of any indication when service was made. The only fact that the record discloses is that service was made, but not precisely when.[3] While there is no agreement as to when service was accomplished, there is agreement that it was not done on or before November 12, 1968.[4] Since defendant had only until the end of November 12 to serve the motion, it follows that it was not timely. Thus the motion did not toll the running of the time period for appeal. Since it had expired prior to filing the notice of appeal, this appeal must be dismissed.[5]

■ Defendant urges that this result may be overcome by applying Rule 6(e), F.R.Civ.P. This rule allows a party three additional days to act when a party is served by mail. He asserts that since the Clerk notified the parties by mail of entry of the judgment, he should have had three additional days within which to serve the motion. Counting again from November 1, this would have allowed service of the motion on November 13, 1968. Since that date could be inferred as the date of service,[6] the motion would have been timely and this appeal would also be timely. We cannot accept this contention.

Prior decisions of this court appear to foreclose our consideration of this question. Rule 6(b), F.R.Civ.P., has been determined to render a court without power to extend the time for service of motions under former Rule 73(a), F.R. Civ.P., and Rule 59(e), Steward v. Atlantic Refining Co., 235 F.2d 570 (C.A.3, 1956); Raughley v. Pennsylvania Railroad Co., supra. Rule 4(a), F.R.App.P., supplanted Rule 73(a) without a change of substance.[7] This leaves these decisions undisturbed. In addition, while Rule 77(d), F.R.Civ.P., requires the Clerk to notify the parties by mail of the entry of judgment, it states that the lack of notice does not affect the time in which to appeal. Further, it appears that filing of a motion such as defendant's is not conditioned upon notice of entry of judgment. We conclude that Rule 6(e) has no application in this situation and did not extend the time for service of the motion.

Defendant could, of course, have protected himself by filing a notice of appeal with the district court after entry of summary judgment. If timely, the motion would have served to render the notice of appeal a nullity since judgments with motions of this type pending are considered not final and therefore not appealable, Kelly v. Pennsylvania Railroad Co., 228 F.2d 727 (C.A.3, 1955), cert. denied, 351 U.S. 925, 76 S.Ct. 782, 100 L.Ed. 1455 (1956); Healy v. Penn-

3. A handwritten notation appears on the cover of the motion, which reads as follows:

"I hereby certify that a copy has been sent to plaintiff's counsel Lesher.
[Sgd.]  Richard Jewell
11/13/68"

The foregoing statement is clearly insufficient to establish when service was accomplished. The only fair inference which could be drawn from this record is that service was made on November 13, 1968.

4. During the court's consideration of this case, counsel were asked to stipulate as to the date upon which service was accomplished. This they failed to do. Instead each submitted an affidavit. Defendant's counsel averred that service was accomplished by mail on November 13, 1968. Plaintiff doubts that service was by mail, but states that service was made on or after November 13, 1968. Plaintiff appended to his affidavit a copy of defendant's letter of service. This letter is dated November 13, 1968.

While no stipulation was entered as to the date of service, they do agree that it was not on or before November 12, 1968. This agreement is sufficient.

5. The present case is distinguishable from Thompson v. Immigration and Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), since there has been no reliance on any statement of the district court with respect to the timeliness of the motion. Here, the district court denied the motion as untimely.

6. See nn. 3, 4, supra.

7. See Notes of Advisory Committee on Appellate Rules. Rule 4, F.R.APP.P., 28 U.S.C.A.

sylvannia Railroad Co., 181 F.2d 934 (C.A.3, 1950). In situations such as this, where the motion was not timely, the notice of appeal is effective, since the time for appeal continues to run.

One final aspect of this case requires some clarification. Defendant's appeal takes issue with both the order of the district court entering summary judgment and the order denying his motion for rehearing and reconsideration. The order denying the motion was entered January 31, 1969. This raises the possibility that this court was called upon to review the propriety of the district court's action in denying the motion. This, however, is not the case.

■ We have previously concluded that the motion was untimely. This court has stated that any subtantive action a court takes on an untimely motion is a nullity, Raughley v. Pennsylvania Railroad Co., supra.

The appeal will be dismissed.