**GRAVEL AND SHEA, Appellant,**

v.

**VERMONT NATIONAL BANK, Appellee.**

**Civ. A. Nos. 2:92–CV–147, 2:92–CV–244.**

United States District Court,
D. Vermont.

Nov. 30, 1993.

Norman C. Williams, Robert F. O'Neill, Gravel & Shea, Burlington, VT, for appellant.

Richard A. Lang, Jr., Frank E. Talbott, Wilson, Powell, Lang & Faris, Burlington, VT, for appellee.

## OPINION AND ORDER

PARKER, Chief Judge.

Appellant Gravel and Shea, a law firm, seeks review of an adverse decision of the Bankruptcy Court pursuant to 28 U.S.C. § 158.[1] To this end, the instant appeal advances four theories under which Gravel and Shea is entitled to review. After a brief chronology of the relevant facts, the merits of Gravel and Shea's position will be discussed.

### Background

The adverse order that Gravel and Shea seeks to have reviewed is Bankruptcy Judge Conrad's June 13, 1991 bench ruling indicating that Vermont National Bank ("VNB") was entitled to certain funds of the Debtor held in escrow. Gravel and Shea had claimed an interest in these funds and disagreed with the Bankruptcy Judge's ruling. The firm filed a notice of appeal on June 18, 1991. On June 21, 1991, VNB submitted proposed findings of fact and conclusions of law, which the Bankruptcy Court adopted on September 12, 1991.

On September 23, 1991, Gravel and Shea mailed a Motion for Reconsideration to the Bankruptcy Court, which was filed September 24. A hearing was held on December 11, 1991. At the hearing, the Court stated that it would deny the motion to reconsider, but that it would amend a portion of its findings of fact. On January 29, 1992, a written order reflecting the substance of the December 11 hearing was submitted to the Bankruptcy Court, as the Court had directed. The written Order had been reviewed by Gravel and Shea and VNB prior to its submission.

The order was signed on February 5 and was filed on February 7, 1992. Because of an error in the Clerk of the Courts office,

---

1. Gravel and Shea's attempt to secure *de novo* review under 28 U.S.C. § 157(c)(1) has already been denied by this Court. *Gravel and Shea v. Vermont National Bank,* 162 B.R. 961 (D.Vt. 1993). Familiarity with that decision is presumed.

neither party was sent notice that the Order was signed and docketed. Gravel and Shea inquired of the Clerk's office on February 25, 1992 and learned that the Order had been entered on February 7.

On February 28, Gravel & Shea filed a notice of appeal and a motion to extend time to file notice of appeal. On March 5, Gravel and Shea also filed a motion to vacate and reissue order, or in the alternative, to give effect to notice of appeal dated June 18, 1991 ("motion to vacate").

VNB opposed the motion to vacate but did not oppose the motion to extend time. On March 20, the Bankruptcy Court denied the motion to extend time, stating, "this Court is without jurisdiction to extend the time to appeal under the facts of this motion." The Order was docketed April 20, 1992 and Gravel and Shea properly appealed the Bankruptcy Judge's determination to this Court.

The Bankruptcy Court denied the motion to vacate on July 20, 1992. The Bankruptcy Court did not discuss Gravel and Shea's alternative request that the June 18, 1991 notice of appeal be given effect. Gravel and Shea also appealed to this Court for review of this order. The two appeals were consolidated on January 4, 1993.

Theories Presented by Gravel and Shea

Gravel and Shea's appeals of the two Orders of the Bankruptcy Court argue that: (1) the Bankruptcy Court should have extended the appeal period based on excusable neglect, and thus its April 20 order denying an extension of time should be reversed; (2) the Bankruptcy Court should have vacated and reissued its February 7 order denying reconsideration to permit appellate review, and thus the July 20 order denying the motion to vacate should be reversed; and (3) the Bankruptcy Court never considered Gravel and Shea's argument that the June 18, 1991 notice of appeal should be given effect, thus July 20 order should be modified and the June 18 notice given effect.

In addition to the above arguments, Gravel and Shea raises an alternative theory that it did not argue in any its motions in Bankruptcy Court. Gravel and Shea now argues that the February 28, 1992 notice of appeal was timely in the first instance because the February 7 order was not properly entered on the docket sheet of the Bankruptcy Court, and thus the appeals period did not start to run until a corrected entry was made. The Court will address this argument first because if the February 28 notice of appeal should indeed be given effect, the need to discuss the Bankruptcy Court's denial of the motions to extend time and to vacate will be obviated.

Waiver of the Argument

■ VNB's primary objection to Gravel and Shea's argument that the February 7 docket entry was incorrect and thus did not start the appeals period is that Gravel and Shea waived this argument by not raising it in any of the Bankruptcy proceedings. Gravel and Shea rebuts this assertion by pointing out that an appellant need not convince a lower court that its appeal is timely; such a determination is the within the province of the appellate court. *See* Rule 4, F.R.A.P.; Rule 8002, F.R.B.P.; *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 57, 103 S.Ct. 400, 401, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals....")

In other words, Gravel and Shea argues that the motions to extend time to file appeal and the motion to vacate, which were initially filed in Bankruptcy Court, become significant only if this Court decides that the February 28, 1993 notice was indeed untimely under F.R.B.P. 8002. Because those motions were premised on the assumption that the appeal notice was untimely, Gravel and Shea asserts that "there is simply no occasion for an appellant to argue to a trial court that it filed its appeal notice in a timely fashion."

The Court substantially agrees with this contention. While it is true that the incorrect docket entry issue has been waived with respect to this Court's review of Bankruptcy Judge Conrad's decisions not to extend time to file a notice of appeal and not to vacate and reissue the February 7 order, the question of whether the February 28 notice of appeal was timely was never presented to the

Bankruptcy Court.[2] Thus the determination of the timeliness of the February 28 notice of appeal must be made independent of any review of the motions for extension of time and to vacate.

### The February 28 Notice

■ The parties agree that Bankruptcy Rule 8002 provides an appeals period of ten days from the date of entry of the order to be appealed from. The Rule specifies that the appeals period runs "from the entry of" the order appealed from. In this case the order that Gravel and Shea seeks to have reviewed was filed and docketed on February 7, 1992. If this was also the date of entry, there can be no doubt that the notice of appeal was untimely. However, the docket entry in question stated:

2/07/92 61 ORDER/granting Motion # 45 by Defendant for Reconsideration of Court's Decision to Amend Findings of Fact and for Stay of Writ of Execution.

(Record, Tab 1). The entry is incorrect. Although one finding of fact was modified by Bankruptcy Judge Conrad, the motion for Reconsideration was denied. (Record, Tab 13). The docket was corrected on June 20 with the following entry:

06/20/92 61X RE; # 61—DOCKET ENTRY WAS IN ERROR—Should read: ORDER: a.) Denying that part of Motn # 45, for Reconsideration; b.) Granting that part of Motn # 45, to amend Finding of fact # 10, and Denying in all other respects; c.) Granting Motn # 52 for Stay of Execution, and granting to VT Natl Bnk leave to reapply to this Crt for a Writ of Execution. Cps: As stated @# 61.

Thus the timeliness of the February 28 notice turns on the question of whether the appeal period began to run on February 7 or on June 20.

Bankruptcy Rule 9021 requires that "Every judgment entered in an adversary proceeding shall be set forth on a separate document. A judgement is effective when entered as provided in Rule 5003." F.R.B.P. 9021 Rule 5003 provides that:

The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made.

F.R.B.P. 5003(a). There is no dispute that the date of entry was shown on the docket. The question is whether the incorrect entry[3] can be considered an "entry" under Rule 8002 for the purpose of starting the appeal period. VNB argues that the plain reading of Rules 9021 and 5003 does not require the that the entry be correct, but only requires that the docket show the date of entry.[4] Gravel and Shea argues that the entry must reflect the substance of the judgment and the date entry was made. *See* 7 Moore's Federal Practice ¶ 79.02 (discussing Fed.R.Civ.P. 79, upon which 5003 is patterned, as requiring adequate notation of the substance of the

---

**2.** Contrary to Gravel and Shea's contention, it seems that the Bankruptcy Court could consider the timeliness of notice of appeal in the context of a motion to dismiss the appeal as untimely filed. *See, e.g., Stelpflug v. Federal Land Bank of St. Paul,* 790 F.2d 47, 48 (7th Cir.1986) (appeal from Bankruptcy Court's dismissal of appeal as untimely filed). However, Gravel and Shea could not control whether a motion to dismiss was filed by VNB. Whether or not such a motion would be procedurally appropriate, it is clear in this case that the Bankruptcy Court never entertained a motion to dismiss the appeal.

Accordingly, the Bankruptcy Court never dismissed the appeal itself. Rather, it denied motions to extend the appeals period and to vacate the February 7 order. Because the question of whether the February 28 notice was timely has not been squarely presented to the Bankruptcy

Court, this Court must determine whether to dismiss the appeal as untimely.

**3.** VNB's argument that the original entry was correct is wholly without merit. It does not reflect the denial of the motion for reconsideration, which is the denial which Gravel and Shea seeks to appeal. The Bankruptcy Court itself even noted "DOCKET ENTRY WAS IN ERROR" in its corrected entry.

**4.** VNB correctly notes that Gravel and Shea's reliance on *Stelpflug v. Federal Land Bank of St. Paul,* 790 F.2d 47 (7th Cir.1986) is somewhat misplaced because *Stelpflug* involved the clerk's failure to note the date of entry on the docket sheet. Given the explicit language of F.R.B.P. 5003 with regard to the necessity of the date of entry, such a case does not control the outcome here.

judgment as well as the date of entry); Charles Wright, Arthur Miller, Federal Practice and Procedure § 3103 (1973) (entries should show "the substance of each order or judgment"); *O'Brien v. Harrington*, 233 F.2d 17, 20 (D.C.Cir.1956) ("A docket entry which indicates a judgement directly opposite to the court's decision must be set aside as improvidently entered without the direction of the court.")

 Although the decision is a close one, the Court finds Gravel and Shea's position more persuasive on this issue. Although the Bankruptcy Rules do not explicitly state that the entry on the docket must be correct to be effective, to hold otherwise could lead to serious prejudice to a party's right to appeal.[5] Additionally, the order Gravel and Shea seeks to appeal (denying reconsideration) was arguably never entered on the docket on February 7. Rather, the entry reflected an order (granting reconsideration) which did not exist.

 Accordingly, the February 7 docket entry did not start the appeals period under F.R.B.P. 8002. The appeals period began to run on June 20, when the corrected entry was made, at which time the February 28,

1992 notice of appeal became effective.[6] Because that notice was sufficient, the motions to extend time and to vacate and reissue the February 7 order are moot.[7]

## CONCLUSION

Gravel and Shea's February 28, 1992 notice of appeal was timely filed under F.R.B.P. 8002. The appeals from the Bankruptcy Court's denial of Gravel and Shea's motion to extend time and motion to vacate and reissue or in the alternative to give effect to notice of appeal are hereby DENIED as moot. The parties may file briefs on the merits of the appeal within 20 days of the date of this Opinion and Order.

5. VNB emphasizes that Gravel and Shea had actual knowledge of the substance of the decision. While this is true, one purpose of using the actual entry on the docket as the event that starts the appeals period is to relieve courts of the need to determine the parties actual knowledge of the docket entry. *Cf.* F.R.B.P. 9022 "Lack of notice of entry does not effect the time to appeal...." Given the text of Rule 9022 and the need for consistency in appeals period determinations, it appears that sufficiency of the entry is an inquiry that should be undertaken without regard to the knowledge of the parties.

Under VNB's interpretation, the incorrect entry started the appeals period because Gravel and Shea had actual knowledge of the substance of Bankruptcy Judge Conrad's order and did not know of, or rely on, the erroneous entry within ten days of its entry. While such a standard is tempting in this case, where Gravel and Shea's discovery of the incorrect entry appears to have been entirely *post hoc*, it would place the Court in the unenviable position of evaluating each party's actual reliance on the docket and undermine the consistency sought by bright line appeals periods.

Just as a party's *lack* of knowledge of a sufficient docket entry will not alter the appeals period (F.R.B.P. 9022) consistency dictates that a substantially incorrect docket entry does not start

the appeals period, even if the parties have knowledge of the actual order.

6. *In re Mike* 796 F.2d 382 (11th Cir.1986) (A notice of appeal filed after an order is signed but prior to entry on the docket is effective as of the date of the entry); *In re Brickyard*, 735 F.2d 1154 (9th Cir.1984) (Notice of bankruptcy appeal timely when filed after bankruptcy court orally announced its decision to deny motion to amend but before bankruptcy court signed the order denying the motion).

7. The Court notes its agreement with Bankruptcy Judge Conrad's denial of the Gravel and Shea's motion for enlargement of time and motion to vacate and reissue the February 7 Order. These motions were both premised solely on the fact that Gravel and Shea did not receive notice from the Clerk's office. Notwithstanding the recent Supreme Court decision in *Pioneer Investment Services v. Brunswick Associates*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), which defined excusable neglect, there is no way to reconcile Gravel and Shea's requested relief with the explicit language of F.R.B.P. 9022, which explicitly states that lack of notice from the Clerk's office does not "authorize the court to relieve a party for failure to appeal within the time allowed."