DYK, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s holding that the district court did not have discretion to reopen the appeal period under Federal Rule of Appellate Procedure (“FRAP”) 4(a)(6).
Federal Rule of Civil Procedure (“FRCP”) 77(d) provides that “[ijmmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b).” Fed.R.Civ.P. 77(d)(1). FRAP 4(a)(6) provides that a district court may reopen the time to file an appeal where “the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry.” Fed. R.App. P. 4(a)(6). Contrary to the majority, I think that the substantive orders were not entered on the docket at the time that AT & T arguably received notice of the orders, and the required notice of the entry was not provided. Under the circumstances, FRAP 4(a)(6) applies.
I
The majority incorrectly holds that the interpretation of FRAP 4(a)(6) is governed by the regional circuit’s law. The interpretation of FRAP 4(a)(6) is governed by Federal Circuit law since the issue is jurisdictional. State Contracting & Eng’g Corp. v. Florida, 258 F.3d 1329, 1334 (Fed. Cir.2001) (“We have established that in matters of our own jurisdiction, regional circuit law is not binding, and we are obligated to make an independent determination of our jurisdiction.”); see Bowles v. Russell, 551 U.S. 205, 215, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (“[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.”). However, in relevant respects, regional circuit law and Federal Circuit law are the same.
II
Under FRAP 4(a), the 30-day time limit for appeal runs from the “entry of the order disposing of the last” judgment as a matter of law (“JMOL”) and/or new trial motion. See Fed. R.App. P. 4(a)(1)(A), 4(a)(4)(A). Here, two JMOL motions and one new trial motion (the “substantive motions”) were filed with the district court as attachments to motions for leave to file under seal (the “sealing motions”).[1] The sealing motions were listed on the docket as numbers 594, 595, and 596. On November 22, 2013, the district court judge signed orders which 1) granted the sealing motions and 2) denied the substantive motions. On November 25, the district court clerk for the first time entered the substantive motions on the docket as entries 617, 620, and 623.[2] The clerk then made *1321 entries 613, 615, and 616 on the docket, which stated that the sealing motions had been granted. For example, docket number 613 included the following docket text:
ORDER GRANTING [594] Motion for Leave to File Sealed Document; GRANTING [599] Motion for Leave to File Sealed Document; GRANTING [605] Motion for Leave to File Sealed Document; GRANTING [608] Motion for Leave to File Sealed Document Signed by Judge Orlando L. Garcia, (rf).
J.A. 13804. I refer to these entries as the “sealing order docket entries” or “sealing entries.” A notice of electronic filing was generated for each of the sealing order docket entries, notifying the parties that the sealing motions had been granted.
Later that day, the clerk modified docket entries 613, 615, and 616 to state that the substantive JMOL and/or new trial motions had been denied. For example, docket number 613 was amended to add:
DENYING 617 SEALED MOTION Signed by Judge Orlando L. Garcia, (rf) Modified on 11/25/2013, to link to doc # 617 (rf). (Entered: 11/25/2013).
J.A. 74. I refer to these entries as the “substantive order docket entries.” Notice of the substantive order docket entries was not provided to the parties.
The district court and the panel majority conclude that the parties received notice of the entry of the substantive orders when, at the earlier time when they received the notices of the sealing order docket entries, they downloaded the substantive orders. The majority holds that the substantive orders were entered on the docket as of the time of the sealing entries and not when the substantive order docket entries for the first time stated that the substantive motions had been denied. With respect, that is simply not correct.
III
FRAP 4(a)(7) establishes that, in these circumstances, an order or judgment is not “entered” (does not become effective) until it “is entered in the civil docket under Federal Rule of Civil Procedure 79(a).” Fed. R.App. P. 4(a)(7)®. The mere fact that an order is issued does not start the time for appeal; a docket entry is required. Wheat v. Pfizer, Inc., 31 F.3d 340, 342 (5th Cir.1994) (“[F]or purposes of determining whether a notice of appeal was timely, the relevant date is the date the post-trial motion was entered on the docket, not the date it was filed.”); United States v. Ronne, 414 F.2d 1340, 1342 n. 1 (9th Cir.1969) (‘While [the] judgment was filed on November 22, 1968, it was not entered in the criminal docket until November 25,1968. The notice of appeal was filed within ten days of that date and is therefore timely.”); see Wimberly v. Rogers, 557 F.2d 671, 673 (9th Cir.1977) (“An appeal as of right in a civil suit must be filed within 30 days of the date of entry on the civil docket of the judgment or order appealed from.”); Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 238 F.2d 298, 300 (9th Cir.1956) (“It is settled that there is no judgment until the clerk makes his docket entry.”); O’Brien v. Harrington, 233 F.2d 17, 18-19 (D.C.Cir.1956) (“Rule 58 provides that ... notation in the civil docket constitutes entry of the judgment; and the judgment is not effective before such entry. Until the order or judgment is entered in the civil docket, the case is still in the District Court, there is no finality, and there can be no appeal.”).[3] Our own court has frequently applied a similar rule holding that the time for a rehearing petition under Rule 40 does not begin to run until the judgment is entered in the dock *1322 et, even though the opinion was publicly-released days or even weeks earlier. Thus, even if an order or judgment has been publicly released and a party is aware of the order or judgment, if it has not been entered on the docket, the time for appeal does not begin to run until the clerk makes a docket entry.
IV
Contrary to the majority, it is equally clear that the three docket entries concerning the sealing orders here did not constitute the required “entry” with respect to the substantive motion orders. FRAP 4(a)(7) states that a judgment or order is entered “when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a).” Fed. R.App. P. 4(a)(7)(A)®.
FRCP 79(a) provides that “[t]he clerk must keep a record known as the ‘civil, docket.’ ” Fed.R.Civ.P. 79(a)(1). “Each entry must briefly show the nature of the paper filed or writ issued, the substance of each proof of service or other return, and the substance and date of entry of each order and judgment.” Fed.R.Civ.P. 79(a)(3). Here, the sealing entries did not show “the substance ... of [the substantive] order[s],” Fed.R.Civ.P. 79(a)(2), since they merely stated that the sealing orders had been granted and did not mention that the substantive orders were denied. As shown by United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958), and numerous Court of Appeals cases, a docket entry that does not comply with FRCP 79(a) does not trigger the time for appeal.[4]
The majority attempts to distinguish these cases because “[i]n those cases, the question was not whether the first entry accurately described the underlying order, but whether the underlying order summarized in the entry unequivocally evidenced the intent to enter a final judgment.” Maj. Op. at 1318. Even if some of these cases involved both insufficient orders and insufficient docket entries, the cases make clear that a docket entry complying with FRCP 79(a) is required for an order to be *1323 entered. Cases like O’Brien, 233 F.2d at 19-20, cannot be distinguished on the ground that the underlying order was insufficient.[5]
Here, the three sealing entries clearly did not reflect the “substance and date of entry of each order” with respect to the substantive orders. Fed.R.Civ.P. 79(a)(3). Rather, they merely stated that the sealing motions had been granted. Therefore, at the time the notices of electronic filing were sent to the parties, the substantive orders had not even been entered. The orders were only entered once the clerk made entries reflecting the substantive orders pursuant to FRCP 79(a)(3). The ma-' jority’s holding to the contrary, that the orders were entered on the docket at the time of the sealing entries on the docket, is incorrect.
Notices of electronic filing were never sent concerning the substantive order docket entries. Thus, the clerk never served, “[ijmmediately after entering an order or judgment, ... notice of the entry” of the order. Fed.R.Civ.P. 77(d)(1). While defendants may have had notice of the underlying order, as the majority holds, and of the sealing orders, defendants never had notice of the entry of the substantive orders on the docket.[6] In other words, the only notice AT & T arguably received of a docket entry was of the sealing docket entries. That cannot be notice of an event (the entry on the docket of the denial of the substantive orders) that has not yet occurred. As a result, AT & T “did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment ... within 21 days after entry.” Fed. RApp. P. 4(a)(6)(A). In my view, since notice of entry of the orders was never provided — the only event that triggers the time for appeal — both the district court and the majority err in holding that the requirements of FRAP 4(a)(6) were not satisfied.
V
The majority suggests that, even if the dissent is correct as to the scope of FRAP 4(a)(6), the district court should be sustained because it had discretion to deny *1324 relief under FRAP 4(a)(6). But the district court here did not exercise discretion. Rather it held that it was without authority “[b]ecause Defendants received notice of the denial of their post-trial motions” and therefore would “not reopen the time to file a notice of appeal under Rule 4(a)(6), which requires a lack of notice.” J.A. 7. The district court’s holding was thus premised on an error of law and not an exercise of discretion. “A district court by definition abuses its discretion when it makes an error of law.” Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); Am. Signature, Inc. v. United States, 598 F.3d 816, 823 (Fed.Cir.2010) (“An abuse of discretion may be established under Federal Circuit law by showing that the court made a clear error of judgment in weighing the relevant factors or exercised its discretion based on an error of law or clearly erroneous fact finding.” (internal quotation marks omitted)).
VI
I would find that FRAP 4(a)(6) applies here.[7] I respectfully dissent from the majority’s contrary conclusion.

. AT & T also filed one motion for JMOL or, in the alternative, new trial that was not under seal: That motion and its subsequent denial did not form the basis of AT & T’s FRAP 4(a) motion.

. Until November 25, the substantive motions did not have docket numbers assigned because they were submitted as attachments to motions for leave to file under seal.

. Some of these cases relate to FRCP 58 rather than to FRAP 4(a). But FRCP 58 has the same rule that judgment is entered only when it is entered on the docket pursuant to FRCP 79(a). Fed.R.Civ.P. 58(c)(1).

. See Danzig v. Virgin Isle Hotel, Inc., 278 F.2d 580, 582 (3d Cir.1960) (docket entries of jury verdict along with amount of verdict .were insufficient to start time for appeal because "the entry of judgment ... should be unambiguous on its face so that counsel or a party consulting the docket will have no reasonable basis for doubt as to the nature and effect of what has been done or as to the timeliness of further proceedings”); Cedar Creek, 238 F.2d at 300-01 (noting that "[i]t is settled that there is no judgment until the clerk makes his docket entry, ” and holding that judgment and docket entry did not "evince clearly an intent to make a judgment” and therefore time for appeal did not run from those entries); Reynolds v. Wade, 241 F.2d 208, 210 (9th Cir.1957) (docket entry that judgment filed and entered was insufficient to show substance of entry under FRCP 79(a)); O’Brien, 233 F.2d at 19-20 (holding that "the court’s judgment with respect to [one claim] ha[d] never been entered and ha[d] never become effective” where the docket entry was directly contrary to the district court’s opinion); Healy v. Pa. R.R. Co., 181 F.2d 934, 935-37 (3d Cir.1950) (holding that appeal was not yet available where opinion and docket entry were insufficient to constitute entry of order disposing of post-trial motions, and noting that an order must both be "made and entered in the docket in due form " and that both "an order and its entry in the docket" are required by the rules (emphases .added)); see also Funk v. Franklin Life Ins. Co., 392 F.2d 913, 914-15 (7th Cir.1968) (docket entry that did not show monetary sum awarded did not start time for appeal because it was incomplete).
Although there were amendments to FRCP 79 in 1963, after some of these cases were decided, these amendments were stylistic only. See Fed.R.Civ.P. 79 advisory committee’s note to 1963 amendment. References in some of these cases to FRCP 73(a) correspond to current standards under FRAP 4(a), which was "derived from FRCP 73(a) without any change of substance.” Fed. R.App. P. 4 advisory committee's note to 1967 adoption.

. In O’Brien, an employee had sought a declaration (1) that he was improperly removed from his position and (2) an order directing the commissioner to reinstate him. 233 F.2d at 18. The district court judge issued an opinion finding that (1) the employee had been wrongfully terminated but holding that (2) the court could not order reinstatement and later signed an order to that effect. Id. On the same day the order was signed, the clerk made the following entry on the docket: "March 26, 1954. Order granting summary judgment in favor of Defendant]Id. The D.C. Circuit held that the docket entry was not effective to enter judgment because "the clerk did not make a notation of the substance of the court's judgment, but distorted it by indicating a ruling directly contrary to that which had actually been made on the claim for declaratory relief [for improper removal].” Id. at 19. "[W]hen [the clerk] fails accurately to note in the civil docket the substance of a judgment which he has before him, he is guilty of a clerical misprision.” Id. at 20. Because judgment had never been entered on the claim for declaratory relief (due to the clerk’s "clerical misprision”), judgment had only been entered on the reinstatement claim. Id. ”[T]he court’s judgment with respect to the claim for declaratory relief [for improper removal] ha[d] never been entered and ha[d] never become effective.” Id.

. The majority relies on the Seventh Circuit’s decision in Lint v. Courtcall Inc., 683 F.3d 378, 381 (7th Cir.2012) for the proposition that receipt of the underlying judgment or order satisfies FRAP 4(a)(6), but that case did not address whether receipt of the order without receipt of the docket entiy satisfies the rule, and the plaintiff there may well have received notice of the docket entry together with the order. In any event, as discussed above, the rule is cleár — there must be receipt of notice of the entry of the order, not just the order itself. Only the entry starts the time for appeal.

. FRAP 4(a)(6) also requires that "the court find[] that no party would be prejudiced.” Fed. R.App. P. 4(a)(6)(C). The district court found that "Plaintiff would be prejudiced if Defendants are permitted to file its notice of appeal after missing the deadline. This prejudice also prevents the Court from granting Defendants an extension of time to file its notice of appeal under Rule 4(a)(6).” J.A. 7. The majority correctly does not rely on this statement by the district court. Plaintiff argued at the district court that it was prejudiced because it paid a debt in cash after the deadline had passed for AT & T to appeal. Plaintiff stated that "[b]y foregoing the alternative [non-cash] option due to plaintiff's reliance on the missed deadline, plaintiff was prejudiced because it was prevented from using those funds to pursue other opportunities separate and apart from this litigation.” J.A. 13871. It is unclear how this could establish that re-opening the time for appeal would prejudice plaintiff. Furthermore, defendants offered in response to reimburse plaintiff for costs it incurred as a result of paying in cash. Prejudice requires "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal.” Fed. R.App. P. 4 advisory committee's note to 1991 amendment.