[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-14248
Non-Argument Calendar

————————————————

D.C. Docket No. 1:17-cv-03018-AT,
Bkcy No. 1:09-bkc-90842-CRM

JOSEPHINE GRADDY,

Plaintiff-Appellant,

versus

EDUCATIONAL CREDIT MANAGEMENT CORPORATION,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(February 26, 2019)

Before WILSON, GRANT, and HULL, Circuit Judges.

PER CURIAM:

A student-loan debtor alleges that a bankruptcy court deprived her of due

process by failing to adhere to the Federal Rules of Civil Procedure and of

Evidence, but in the district court she faced a jurisdictional hurdle: her notice of appeal from the bankruptcy court's final decision was arguably untimely.  The district court dismissed the case for lack of jurisdiction, but we reverse and remand for further proceedings because we conclude that the notice of appeal was timely.

I.

Josephine Graddy, an attorney proceeding pro se, filed a complaint in bankruptcy court seeking to discharge her student loan debt on the basis of "undue hardship" under 11 U.S.C. § 523(a)(8).  She lost that case, and her appeal to the district court alleged a range of due process violations stemming from the bankruptcy court's "refusal to apply the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and other law."  But the district court dismissed her appeal as untimely, and that issue—not the due process claims—is the subject of this appeal.

The bankruptcy court issued an order on July 24, 2017 stating that Graddy's student loans were not dischargeable.  On July 25, the bankruptcy court posted a signed document purporting to enter judgment in favor of the defendant and against Graddy.  It also mailed copies of both the order and the judgment to Graddy.  But in posting the judgment to the docket, the bankruptcy court clerk erroneously included an incorrect docket notation: "Judgment for plaintiff and against defendant."  In fact, the judgment—as accurately described in both the July

2

24 order and the July 25 judgment—was precisely the opposite.  On August 8, the clerk corrected the docket notation to read "[j]udgment in favor of Defendant."

Graddy—who had misunderstood the bankruptcy court's post-trial remarks and was expecting the court to schedule a call via email before it ruled—was oblivious to all of this.  On August 10, she accessed the bankruptcy court docket through PACER and discovered the July 24 order and July 25 judgment.  That same day, she filed a notice of appeal.  On August 18, she moved the bankruptcy court for leave to file an out-of-time notice of appeal.  The bankruptcy court denied that motion, Graddy filed another notice of appeal, and both appeals were consolidated before the district court.

Regarding the first notice of appeal, the defendant moved the district court to dismiss for lack of jurisdiction because, assuming the bankruptcy court had entered judgment on July 25, Graddy's August 10 notice of appeal was two days too late. *See* Fed. R. Bankr. P. 8002(a)(1) (requiring that a notice of appeal be filed within fourteen days after entry of judgment).  Graddy, on the other hand, argued that 1) judgment was not "entered" for timing purposes until August 8, when the district court corrected its erroneous docket notation; 2) she lacked actual notice of the order and judgment until August 10; and 3) even if her notice of appeal was untimely, that did not deprive the district court of jurisdiction.  The district court rejected Graddy's arguments and issued an order granting in part the defendant's

3

motion to dismiss for lack of jurisdiction on April 13, 2018.  It ordered the parties to submit briefing regarding the second notice of appeal.

As to the second notice, Graddy argued that the bankruptcy court erred in denying her motion to file an out-of-time notice of appeal because it failed to properly apply the four-factor standard from *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), to assess whether Graddy had demonstrated excusable neglect.  The district court admitted that it "likely would have arrived at a different conclusion" regarding the reason for delay than the bankruptcy court did, but concluded that the bankruptcy court's findings were "supported by sufficient evidence" and declined to disturb its decision.  On May 24, 2018, the district court entered an order and judgment dismissing the case. Graddy moved for reconsideration as to both notices of appeal on June 5, the district court denied that motion on September 27, and Graddy filed a notice of appeal to this Court on October 5.

## II.

In a bankruptcy appeal from a district court, we sit as a "second court of review." *In re Optical Techs., Inc.*, 425 F.3d 1294, 1299–1300 (11th Cir. 2005). In that role, we review questions of law de novo and review the bankruptcy court's factual findings for clear error.  *In re Fin. Federated Title & Trust, Inc.*, 309 F.3d 1325, 1328–29 (11th Cir. 2002).  We review excusable neglect decisions for abuse

4

of discretion.  *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996).

III.

We conclude that Graddy's first notice of appeal was timely because the clock did not begin to run until the bankruptcy court clerk corrected the docket-notation error on August 8.  In light of that conclusion, we need not and do not reach Graddy's argument that her motion to file an out-of-time notice of appeal should have been granted.

Rule 58 of the Federal Rules of Civil Procedure governs the time of entry for judgments.[1]  Subject to a few exceptions, the general rule is that judgments "must be set out in a separate document."  Fed. R. Civ. P. 58(a).  And under Rule 58(c)(2), "judgment is entered . . . when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket."  Neither party disputes that the bankruptcy court set out its judgment in this case in a separate document.  At issue, then, is when that judgment was "entered in the civil docket under Rule 79(a)."

---

[1] Rule 58 "applies in adversary proceedings" in bankruptcy court, and in such proceedings Rule 58's reference to the civil docket "shall be read as a reference to the docket maintained by the clerk under [Bankruptcy] Rule 5003(a)."  Fed. R. Bankr. P. 7058.

Rule 79(a) describes the contents of a civil docket.  It states that each docket entry "must briefly show . . . the substance and date of entry of each order and judgment."  Fed. R. Civ. P. 79(a)(3).  So the question here: at what point did the bankruptcy court's docket "briefly show" the "substance" of the court's judgment, such that the judgment was "entered in the civil docket"?

We conclude that judgment was entered on August 8, when the bankruptcy court clerk corrected the docket.  The clerk's erroneous docket notation on July 25—denoting "[j]udgment for plaintiff and against defendant"—did not "briefly show . . . the substance" of the court's judgment, which was for defendant and against plaintiff.  And although the signed judgment (and the order from the day before) made clear that the docket notation was an error, Rule 58 clearly contemplates two independent events necessary for "judgment" to be "entered": a separate document must set out the judgment, *and* the judgment must be "entered in the civil docket under Rule 79(a)."  *See Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 688 (4th Cir. 1978) (describing Rule 58's "dual requirement" for entry of judgment, such that entry "occurs only when the essentials of a judgment or order are set forth in a written document separate from the court's opinion or memorandum *and* when the substance of this separate document is reflected in an appropriate notation on the docket sheet").  The fact that the court's signed judgment satisfied the first condition does not bear on whether the clerk's

6

mistaken entry satisfied the second one.  Under a plain reading of Rules 58 and 79, it did not: a notation stating the converse of a judicial action does not "briefly show . . . the substance" of that action, and a docket entry that fails to comply with this show-the-substance requirement has not been "entered in the civil docket under Rule 79(a)."  As a result, Graddy's first notice of appeal—filed two days after the clerk corrected the docket—was timely.

Cases from the Supreme Court and our sister circuits further support this plain reading of the Rules.  In *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227 (1958), the Supreme Court suggested in dicta that a substantive docket entry is necessary to start the clock for filing a notice of appeal.  *See id.* at 232–33 (mentioning, among other things, the requirement that the clerk make a docket notation showing the substance of the judgment and stating that "[w]hen all of these elements clearly appear final judgment has been both pronounced and entered, and the time to appeal starts to run").  One court, in discussing "how poor an entry can be and still be a judgment," concluded that a "docket entry that doesn't even say who won, surely cannot qualify."  *Reynolds v. Wade*, 241 F.2d 208, 210 (9th Cir. 1957).  Another has held that a case was "not appealable" because judgment had "never been entered" and had "never become effective" where the clerk "did not make a notation of the substance of the court's judgment, but distorted it by indicating a ruling directly contrary to that which had actually

7

been made on the claim for declaratory relief." *O'Brien v. Harrington*, 233 F.2d 17, 19–20 (D.C. Cir. 1956).

The defendant's (and the district court's) arguments to the contrary are unconvincing because they lack textual support. The defendant argues, and the district court accepted, that the erroneous docket entry is forgivable because 1) the order and judgment themselves were mailed to Graddy, and 2) Graddy never saw (and thus could not have relied upon) the docket notation before it was corrected. But neither of these arguments—sounding in actual notice and prejudice—is supported by the rules, which state that the clock does not start ticking until judgment has been "entered in the civil docket under Rule 79(a)." Similarly, the argument that "[c]lerical errors happen from time to time and do not, without more, violate Rule 79(a)" does not explain how an error that so thoroughly misrepresents the court's judgment—indeed, describes the opposite of the court's judgment—can be said to "show . . . the substance" of that judgment. Whatever commonsense wisdom these arguments reflect, they were not encoded into the Federal Rules.

\*    \*    \*

Because we conclude that Graddy's first notice of appeal was timely filed, we **REVERSE** and **REMAND** to the district court for further proceedings.

8