(2) Christopher Village's motion for an extension of time is moot.

## AMGEN INC., Plaintiff–Cross Appellant,

v.

## HOECHST MARION ROUSSEL, INC. (now known as Aventis Pharmaceuticals Inc.) and Transkaryotic Therapies, Inc., Defendants–Appellants.

### Amgen Inc., Plaintiff–Appellee,

v.

## Hoechst Marion Roussel, Inc. (now known as Aventis Pharmaceuticals Inc.) and Transkaryotic Therapies, Inc., Defendants–Appellants.

### Nos. 01–1191, 01–1218.

United States Court of Appeals, Federal Circuit.

Nov. 30, 2001.

Before SCHALL, BRYSON, and DYK, Circuit Judges.

### ON MOTION

DYK, Circuit Judge.

### ORDER

Hoechst Marion Roussel, Inc. and Transkaryotic Therapies, Inc. (HMR) move to consolidate appeal nos. 01–1191, –1218, –1332 with their recently filed appeal (undocketed) and for leave to file a corrected opening brief. Amgen opposes in part and moves to "reinstate the district court's March 27, 2001 order granting Amgen an extension of time in which to file its second notice of cross-appeal" and to resume the briefing schedule. HMR opposes in part and replies. Amgen replies. We also consider whether Amgen's second notice of appeal was timely filed.

The judgment of the United States District Court for the District of Massachusetts declared, inter alia, that claims 4–9 of one of Amgen's patents were not infringed. In appeal no. 01–1191, Amgen timely ap-

pealed the district court's judgment. Amgen's notice of appeal designated review of the district court's judgment that claims 4–8 were not infringed. After the expiration of the time to appeal, Amgen filed a motion in the district court for an extension of time to file a second notice of appeal to include claim 9.

The district court granted Amgen's motion for an extension of time. On June 4, 2001, this court vacated the district court's order granting an extension of time because the district court did not make any findings regarding "excusable neglect." *See* Fed. R.App. P. 4(a)(5) ("The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause"). This court remanded "for the limited purpose of allowing the district court to provide reasons whether or not Amgen demonstrated excusable neglect." On October 9, 2001, the district court stated its reasons for granting the motion for an extension of time.[1] The district court stated that it had granted the extension to prevent "a possible anomaly," i.e., that its reasoning for finding noninfringement applied equally to claims 4–8 and claim 9 and that if this court were to reverse its determination regarding claims 4–8 but not reach claim 9 because of Amgen's typographical error, the defendants would be able to practice the invention covered by claim 9 even though the district court's reasoning had been overturned.

Under the applicable regional circuit law, we review the district court's Rule 4(a)(5) determination for an abuse of discretion. *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 627 (1st Cir.2000). The United States Court of Appeals for the First Cir-

cuit applies the Supreme Court's definition of and factors concerning "excusable neglect" as stated in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See Virella–Nieves v. Briggs & Stratton Corp.*, 53 F.3d 451, 454 n. 3 (1st Cir.1995).

In *Pioneer Inv.*, the Supreme Court defined "excusable neglect" in the context of Fed. Bankr.Proc. Rule 9006(b)(1) first by noting that Congress, by using the term "neglect," indicated that courts "would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv.*, 507 U.S. at 388, 113 S.Ct. 1489. Regarding the term "excusable," the Supreme Court stated that such an "equitable" determination would include factors such as "the danger of prejudice to the [other side], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. 1489. The requirement that the neglect be "excusable," the Supreme Court explained, would deter parties from "freely ignoring court-ordered deadlines." *Id.*

Here, applying the *Pioneer Inv.* factors, the "danger of prejudice" to HMR is minimal because Amgen had already clearly indicated its intent to appeal the judgment of noninfringement. The length of the delay was minimal and had little impact on judicial proceedings, except to allow all arguments to be presented by Amgen. The reason for the delay was simply a typographical error, and although argu-

---

1. We construe that order as a grant of an extension of time to file a notice of appeal. Thus, Amgen's motion to "reinstate the dis-

trict court's March 27, 2001 order" is unnecessary.

ably within the reasonable control of Amgen, it was not an attempt to "ignor[e] court-ordered deadlines." Also, there was no indication that Amgen was not acting in good faith in seeking the extension. Applying these factors to the district court's order, we discern no abuse of discretion.

Further, we note that HMR's appeals of the district court's orders granting Amgen's motion for an extension of time (01–1332 and an undocketed appeal) are unnecessary, as the appropriate procedure to challenge an asserted untimely appeal is, by motion or otherwise, to challenge the appeals as untimely. Thus, HMR's appeals regarding the extension are dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) HMR's appeals, challenging the district court's grants of Amgen's motion for an extension of time to file a second notice of appeal, are dismissed.[2]

(2) HMR's motions to consolidate and file an amended opening brief are moot.

(3) Amgen's motion to resume the briefing schedule is granted. Amgen's opening brief is due within 30 days of the date of filing of this order.

(4) A copy of this order shall be transmitted to the merits panel assigned to hear these appeals.

---

**2.** The dismissed appeals include HMR's appeal of the district court's March 27 order (appeal no. 01–1332) and HMR's appeal of the district court's October 9 order (appeal number not yet assigned). When the appeal of the October 9 order is received by this court, it will be docketed and sua sponte dismissed pursuant to this order.