Opinion for the court filed by Circuit Judge O’MALLEY.
Dissenting opinion filed by Circuit Judge DYK.
O’MALLEY, Circuit Judge.
Two-Way Media LLC (“TWM”) brought this patent infringement suit against AT & T, Inc.; AT & T Corp.; AT & T Operations, Inc.; AT & T Services, Inc.; SBC Internet Services, Inc.; and Southwestern Bell Telephone Co. (collectively, “AT & T”). The case proceeded to a jury trial in the United States District Court for the. Western District of Texas, where the jury found that AT & T infringed the asserted claims of the patents at issue and awarded damages. The district court entered final judgment consistent with the jury’s verdict on October 7, 2013. The district court thereafter denied all of AT & T’s post-trial motions for judgment as a matter of law (“JMOL”). Upon docketing those rulings, the time for AT & T to file an appeal began to run. AT & T, however, failed to file a timely notice of appeal. Because we conclude that the district court did not abuse its discretion or clearly err in refusing to extend or reopen the appeal period, we affirm.
I. Background .
TWM filed suit in the United States District Court for the Southern District of Texas on April 11, 2008, alleging, inter alia, infringement of certain claims of U.S. Patent Nos. 5,778,187 and 5,983,005. In June 2009, the Southern District of Texas transferred the case to the United States District Court for the Western District of Texas. The case proceeded to a jury trial, resulting in a verdict of infringement and a damages award to TWM. Final judgment reflecting the jury’s verdict was entered on October 7, 2013.
On October 4, 2013, AT & T timely filed four motions for renewed JMOL or a new trial, regarding non-infringement, invalidity, and damages. These filings stayed the running of the time within which AT & T was required to file any notice of appeal from the final judgment. Because three of the four JMOL motions were confidential, AT & T moved to file those under seal. On November 22, 2013, the court denied all of AT & T’s JMOL motions and granted TWM’s request for costs, entering judgment against AT & T on all pending claims. When the court initially docketed the denials of AT & T’s motions, it labeled the three orders addressing the confidential motions as orders granting the motions to seal, not indicating that the same orders denied the relief sought in the underlying motions. The parties (through counsel) received notice of electronic filings (“NEFs”) for each of those orders labeled “ORDER GRANTING [] Motion For Leave to File Sealed Document.” Joint Appendix (“J.A.”) 13804. The underlying orders, which could be accessed by clicking on the hyperlink in the NEFs, clearly denied the merits of AT & T’s JMOL motions, however. At the same time, the court docketed its order denying the fourth, non-confidential JMOL. And, the court docketed its order on TWM’s Bill of Costs. Both of these were included and properly identified in the November 22 NEFs to the parties. On November 25, the court updated the description of the orders on the docket, but did not send new NEFs to the parties.
*1314 On January 15, 2014, after the appeal period had expired, AT & T asserts that it first discovered that the November orders actually denied all of its post-trial motions. The next day, AT & T filed a motion to extend or reopen the appeal period pursuant to Federal Rules of Appellate Procedure 4(a)(5) and (6). On February 6, 2014, the district court denied AT & T’s motion.
A denial of a motion under Rule 4(a) is a final appealable order. See 28 U.S.C. § 1291; see also Eltayib v. United States, 294 F.3d 397, 399 (2d Cir.2002). Because this is a patent infringement case, we have jurisdiction under 28 U.S.C. § 1295(a)(1).
II. Discussion
Since a ruling on a motion for relief under Rule 4(a) is an issue not unique to patent law, we apply the law of the regional circuit — here, the Fifth Circuit. See Amgen Inc. v. Hoechst Manon Roussel, Inc., 25 Fed.Appx. 923, 924 (Fed. Cir.2001).[1] Under Fifth Circuit law, we review the district court’s ruling on a motion for relief under Rule 4(a)(5) and (6) for abuse of discretion. Stotter v. Univ. of Tex., 508 F.3d 812, 820 (5th Cir.2007) (reviewing a motion for relief under Rule 4(a)(5) for abuse of discretion); In re Jones, 970 F.2d 36, 39 (5th Cir.1992) (reviewing a motion for relief under Rule 4(a)(6) for abuse of discretion).
Rule 4(a) states in relevant part:
(5) Motion for Extension of Time.
(A)The district court may extend the time to file a notice of appeal if:
(i) a party so.moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
(6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry;
(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
(C) the court finds that no party would •be prejudiced.
Fed. R.App. P. 4(a).
In sum, to qualify for an extension of the appeal period, the moving party must show “excusable neglect or good cause.” Fed. R.App. P. 4(a)(5). A court may reopen the appeal period, on the other hand, if, inter alia, “the court finds that the moving part did not receive notice ” of the entry of the judgment or order at issue. Fed. R.App. P. 4(a)(6) (emphasis added). Both decisions are committed to the trial court’s discretion. The question, accordingly, is not whether any panel member— or even all of them — would have granted AT & T’s motion under either Rule 4(a)(5) or (6) if acting as district court judges, but whether, under the circumstances, this dis *1315 trict court abused its discretion when it chose not to do so.
a. Extension of the Appeal Period Pursuant to Rule 4(a)(5)
In considering AT & T’s motion under Rule 4(a)(5), the court found that the AT & T had failed to show good cause or excusable neglect. Although the NEFs communicated an arguably incomplete description of the orders, the district court noted that even a total lack of notice would not be enough, standing alone, to justify extending the time for filing an appeal. The court concluded that it is the responsibility of every attorney to read the substance of each order received from the court and that it is not sufficient to rely on the email notifications received from the electronic filing system. The court explained that the NEFs were sent to 18 attorneys at the two firms representing AT & T. The court further noted that assistants at those firms actually downloaded copies of all of the orders onto the firms’ internal systems. Finally, the court pointed to the fact that, on that same day, the court also issued orders denying the unsealed JMOL motion and entering a bill of costs — both of which produced accurately labeled NEFs. The district court therefore refused to extend the appeal period under Rule 4(a)(5).
AT & T argues that its delay should be excused because it received incomplete NEFs and the district court did not reissue new NEFs when it corrected the docket entries. In other words, AT & T argues that, because the initial NEF did not fully describe what the order entailed, the court should have found that the “excusable neglect or good cause” required under Rule 4(a)(5)(A)(ii) had been established. We disagree.
As the district court correctly noted, even a complete lack of notice would not qualify as excusable neglect under Rule 4(a)(5), without some additional showing. To allow Rule 4(a)(5) to be triggered so easily would render Federal Rule of Civil Procedure 77(d)(2) a nullity. Rule 77(d)(2) expressly provides that “[l]aek of notice of the entry does not affect the time for appeal or relieve — or authorize the court to relieve — a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).” (emphasis added). Because AT & T would not be entitled to relief even if it had received no NEFs notifying it of the court’s order, the district court was correct to require some additional evidence of excusable neglect or good cause. See Wilson v. Atwood Grp., 725 F.2d 255, 257 (5th Cir.1984) (en banc) (“The rule is strict, but its meaning and purpose are plain. We have consistently held that the simple failure of the clerk to mail notice of entry of judgment, without more, .does not permit relief to a party who has failed to appeal within the prescribed time.”); see also Avolio v. Cnty. of Suffolk, 29 F.3d 50, 52 (2d Cir.1994) (“Plaintiffs could not qualify for this kind of extension [under Rule 4(a)(5) ] because the mere failure to discover that the judgment had been entered, even when the clerk had failed to mail a notice of judgment as directed by Fed. R.Civ.P. 77(d), does not constitute excusable neglect.”); Case v. BASF Wyandotte, 737 F.2d 1034, 1035 (Fed.Cir.1984) (“The fact that the appellant did not receive the opinion and order upon issuance did not excuse his failure to file a timely notice of appeal.”); Rodgers v. Watt, 722 F.2d 456, 458 (9th Cir.1983) (“Generally a finding of excusable neglect requires lack of notice plus additional equitable factors such as attempts to learn the anticipated date of the decision.”).
AT & T first responds by arguing that this is not just a lack of notice case; it is a case involving an affirmatively misleading notice. And, it argues that, because the *1316 district court’s NEFs violated Federal Rule of Civil Procedure 79, the notice it received violated the legal requirements governing the same. Turning to AT & T’s second argument first, AT & T is wrong when it contends that the court or its clerk violated Rule 79. Rule 79 applies to the civil docket, not to electronic email notices. See Fed.R.Civ.P. 79(a)(l)-(3). Rule 79 provides that each docket entry is to briefly state “the substance and date of entry of each order and judgment.” Although the court did not send updated NEFs, the district court promptly corrected the docket entries to state that the orders denied the underlying JMOL motions. The civil docket, therefore, had a complete description of those orders had AT & T bothered to check the docket, as it should have done. Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1201 (5th Cir.1993) (“Rule 77(d) clearly states that a party must make a timely appeal whether or not he receives notice of the entry of an order. Implicit in this rule is the notion that parties have a duty to inquire periodically into the status of their litigation.”); In re Morrow, 502 F.2d 520, 522 (5th Cir.1974) (“Notification by the clerk is merely for the convenience of the litigants.”). AT & T’s resort to Rule 79 is, thus, unhelpful to its appeal under Rule 4(a)(5).
AT & T’s claim that its failure to read the court’s order was excusable because it was misled into doing so by the court itself does not fare much better on these facts. We recognize that excusable neglect “is not limited strictly to omissions caused by circumstances beyond the control of the movant.” Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). It is true, moreover, that a court’s own conduct — including misleading entries or statements to counsel — is relevant to whether neglect not predicated only on a failure to receive notice of an entry of judgment can, or should, be deemed excusable. See Chipser v. Kohlmeyer & Co., 600 F.2d 1061, 1063 (5th Cir.1979) (affirming trial court’s finding of excusable neglect because an extension of time was not “unwarranted” when counsel was misled by good faith reliance on statements by the district court, some of which occurred after counsel sought clarification of the court’s orders). The fact that the incomplete NEFs are relevant to the court’s inquiry does not mean they are determinative of it, however.
The district court not only may, but should, consider “ ‘all relevant circumstances’ ” in determining whether a party’s failure to file a timely appeal was excusable. See Stotter v. Univ. of Tex., 508 F.3d 812, 820 (5th Cir.2007) (quoting Pioneer Inv., 507 U.S. at 395, 113 S.Ct. 1489). At bottom, Rule 4(a)(5) assumes some neglect on behalf of the non-filer and directs the district court to exercise its equitable discretion to determine whether that neglect should be excused. The trial court examined the circumstances surrounding the admitted neglect by AT & T’s counsel and concluded it should not be forgiven. The trial court found that it was not excusable for AT & T’s attorneys to rely on the email notifications and neglect to read the orders in light of the circumstances surrounding the November 22, 2013 NEFs. As the trial court noted, AT & T received an order denying its unsealed JMOL motion and an order assigning costs — both of which triggered properly labeled NEFs — at the same time it received the allegedly misleading NEFs. Pointedly, costs are only to be awarded to a prevailing party. See Fed.R.Civ.P. 54(d)(1) (“[C]osts — other than attorney’s fees — should be allowed to the prevailing party.” (emphasis added)). An order assessing costs was a clear indication that all matters relevant to the question of whether TWM was a prevailing party had been resolved. The district *1317 court noted, moreover, that the orders and NEFs had been sent to 18 different counsel and legal assistants representing AT & T and that at least some of those recipients downloaded the full text of the orders. Given these circumstances, the district court concluded that it was inexcusable for AT & T’s multiple counsel to fail to read all of the underlying orders they received, or — at minimum — to monitor the docket for any corrections or additional rulings, which might explain why costs had been awarded to TWM. Again, the question is not whether we, if acting as trial court judges, might have excused counsel’s neglect in these circumstances, but whether the trial court abused its discretion when it refused to do so. We see no such abuse of discretion.[2]
We conclude that the district court did not abuse its discretion when it found that AT & T did not satisfy its burden to show excusable neglect for its failure to read the underlying orders and check the docket for more than a month after the court issued the final orders.
b. Reopening the Appeal Period Pursuant Rule 4(a)(6)
After concluding that AT & T’s neglect was not excusable, the court turned to AT & T’s request for relief under Rule 4(a)(6). As noted, Rule 4(a)(6) requires, as a predicate, findings by the trial court that: (1) the movant did not receive notice of the entry of judgment; (2) the movant filed the motion in a timely fashion; and (3) no party would be prejudiced by a reopening of the time to appeal. Even when all of these predicates are satisfied, moreover, the court retains the discretion to either grant or deny, the motion.
Here, the district court found that AT & T did receive notice of the entry of judgment when it received and downloaded those judgments from the electronic docket and that TWM would be prejudiced by the reopening of the appeal period, rendering Rule 4(a)(6) inapplicable. After making these factual findings, moreover, the court rejected AT & T’s claim that, even if it admittedly received the actual text of the judgments and of the other orders entered at the same time, the court should reopen the appeal because AT & T never received email notifications that the docket was corrected shortly after the initial entries to more accurately reflect the substance of the orders entered. On this point, the trial court expressly declined “to give ‘an interpretation of Rule 4(a)(6) that allows parties to ignore entirely the electronic information at their fingertips,’ as it would ‘severely undermine the benefits for both courts and litigants fostered by the CM/ECF system, including the ease and speed of access to all the filings in a case.’ ” Two-Way Media LLC v. AT & T Operations Inc., No. 5:09-cv-476, slip op. at 8 (WD.Tex. Feb. 6, 2014), ECF No. 663 (quoting Kuhn v. Sulzer Orthopedics, Inc., 498 F.3d 365, 371 (6th Cir.2007)).
We see no clear error in the trial court’s factual finding that AT & T failed to establish that it did not receive the notice contemplated in Rule 4(a)(6)(A) and no abuse of discretion in the trial court’s refusal to grant AT & T’s motion solely *1318 because AT & T did not receive an NEF of the corrected docket entry.[3]
Like the district court before us, we decline to hold that the actual receipt of the text of a judgment or order, which a party knows the court directed to be entered on the docket, does not constitute notice of the entry of that judgment within the meaning of Rule 4(a)(6)(A). Rule 4(a)(6) does not apply when a party simply shows it did not read a court order— justifiably or not. It only applies when a party received no notice of that order. For example, Rule 4(a)(6) does not apply when an attorney receives the notice in the mail, but does not open it. See Khor Chin Lim v. Courtcall Inc., 683 F.3d 378, 381 (7th Cir.2012) (“The judiciary is not entitled to add time just because a litigant fails to open or read his mail — or any other extra-statutory reason.”). AT & T’s argument' that it never read the underlying orders because it was confused by the NEFs it received, is, therefore, irrelevant; the only question for purposes of Rule 4(a)(6) is whether it received notice of the order. When an attorney admittedly receives any order from the court, as here, and he is expressly informed that the order was to be entered on the docket (see, e.g., J.A. 13804, which states “[t]he following transaction was entered on 11/25/2013 ... ”), the district court does not clearly err by finding that he also has received notice of the entry of that order under Rule 77(d), whether or not he examines its contents. Where an order is actually received, but ignored, Rule 4(a)(5) is the procedural vehicle counsel must pursue to seek relief from its failure to read or digest the order.
AT & T’s argument that it never received the type of notice contemplated by Rule 4(a)(6)(A) because it never received an NEF that described the type of docket entry required by Rule 79 (i.e., one setting forth a short description of the order or judgment) is unpersuasive. While the NEF was admittedly inaccurate, AT & T was notified both that the orders had been entered on the docket and that the order contained final judgments. See Sanofi-Aventis Deutschland GmbH v. Glenmark Pharm. Inc., 748 F.3d 1354, 1358 (Fed.Cir. 2014) (“No ‘magic words’ are needed to confer final judgment.”). We decline to hold, as a matter of law, that those circumstances always constitute an absence of notice for purposes of Rule 4(a)(6)(A).
While AT & T neither cites nor relies upon them, the dissent contends that a series of cases decided in the 1950s requires us to find an absence of notice under Rule 4(a)(6)(A). In those cases, the question presented was whether a docket entry which failed to unambiguously set forth a final judgment within the meaning of Federal Rule of Civil Procedure 58 was sufficient to trigger the running of the time for appeal or whether a later docket entry was the triggering entry. In those cases, the question was not whether the first entry accurately described the underlying order, but whether the underlying order summarized in the entry unequivocally evidenced the intent to enter a final judgment. Thus, in United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958)--the primary authority on which the dissent relies, Dissenting Op. 1314 — the Supreme Court found the earlier docket entry inadequate to trigger an appeal because the underlying order it described failed to contain the type of findings necessary to constitute a final judgment.[4] 356 U.S. at 234, 78 S.Ct. *1319 674 (“[Respondent argues. ... that inasmuch as the clerk’s entry incorporated the opinion by reference, it, .too, adequately stated the amount of the judgment. This contention might well be accepted were it not for the fact that the action also sought recovery of interest on the amount paid.... ” (emphasis added)). The other cases cited by the dissent are to the same effect. See Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 288 F.2d 298, 301 (9th Cir.1956) (finding that neither the court’s order of June 12 nor the docket entry describing that order “evince[d] clearly an intent to make a judgment on those days”); Healy v. Pa. R.R. Co., 181 F.2d 934 (3d Cir.1950) (finding the trial court order at issue insufficient to trigger the time for appeal because motions for a new trial and judgment notwithstanding the verdict remained pending and unresolved for six months thereafter). Because the docket entries at issue addressed themselves to underlying orders which were not sufficient to constitute final judgments, the courts refused to treat them as the docket entries which triggered the time for an appeal. The facts at issue in those cases are not relevant to the question we address here.
Pointedly, neither Rule 4(a)(6) nor the meaning of notice thereunder were at issue in the cases to which the dissent points us. AT & T does not dispute that the underlying order it received evinced an unequivocal intention to enter final judgment and award costs consistent therewith. Nor is there any debate over which docket entry — the initial one or the corrected one— triggered AT & T’s time for appeal. In either case, AT & T’s appeal was untimely by a large margin.[5] The only question here is whether AT & T was entitled to an NEF of the corrected docket entry before it can be said to have received notice of the entry of the admittedly complete and unequivocal judgments. While we respect the dissent’s contrary view, we find no legal error in the trial court’s conclusion that it was not. Again, whatever its faults, the NEFs AT & T did receive stated clearly that all the cited orders were “entered” on the docket and links to all the orders were provided. See, e.g., J.A. 13804.
Even if AT & T and the dissent were correct that a second NEF from the court was required before it can be said to have received “notice of the entry of judgment” against it, moreover, we would still find no abuse of discretion in the trial court’s refusal to reopen the appeal under Rule 4(a)(6). The district court refused to trigger the relief contemplated in Rule 4(a)(6) in circumstances where a party actually has received a final judgment (regardless of whether the entry of that judgment is accurately described), but fails to monitor the electronic docket for a compliant entry of the judgment. In this era of electronic filing — post-dating by some 60 years the era in which the cases cited by the dissent were issued — we find no abuse of discretion in a district court’s decision to impose *1320 an obligation to monitor an electronic docket for entry of an order which a party and its counsel already have in their possession and know that the clerk at least attempted to enter.[6] Thus, putting aside the question of whether the prerequisites to application of Rule 4(a)(6) were satisfied, we find no abuse of discretion in the denial of AT & T’s motion under that Rule.
III. Conclusion
For the foregoing reasons, we affirm the denial of relief under both Rules 4(a)(5) and (6).
AFFIRMED.

. Although, the dissent argues that we apply our own law when determining our jurisdiction, there is no dispute over our jurisdiction in this case. We have jurisdiction to review the district court's denial of AT & T's Rule 4(a) motion. Indeed, the dissent does not discuss this court's jurisdiction, and instead addresses the merits of AT & T's motion.

. Cases which have found excusable neglect based on misleading information from the court are readily distinguishable. See, e.g., Mermen Co. v. Gillette Co., 719 F.2d 568, 570-71 (2d Cir. 1983) (finding excusable neglect where the clerk entered judgment contrary to the judge’s express instructions telling counsel to submit proposed entries and the trial court did not clarify that it intended earlier judgment entry to be a final entry until two days before the time to appeal expired); Rodgers, 722 F.2d at 461 (affirming a finding of excusable neglect where the clerk failed to send any notice and did not enter the judgment as the most recent docket entry, making repeated docket checks by counsel ineffective).

. Given these conclusions, we do not address the district court’s conclusion that TWM would be prejudiced by a reopening of the appeal period.

. The dissent’s reliance on O’Brien v. Harrington, 233 F.2d 17, 18-20 (D.C.Cir.1956) is also misplaced. In O’Brien, the district court entered judgment addressing only one of the *1319 two pending claims and did not expressly direct entry of judgment as to fewer than all pending claims under Rule 54(b). As such, the appellate court concluded that the entry of judgment of one claim did not terminate the action and the whole case was still before the district court. Id. In this case, on the other hand, there is no dispute that the district court's orders addressed all pending claims.

. The dissent mischaracterizes our holding. We do not hold that the order was entered for purposes of triggering AT & T’s time to appeal on November 22, 2013. That question is neither in dispute, nor presented to us. Under the various authorities on which the dissent relies, it is clear that AT & T’s time to appeal was triggered no later than correction of the docket entry. The only question we address is what constitutes adequate notice under Rule 4(a)(6).

. Again, the question before us is not which docket entry triggered the running of the time for appeal.