T. S. Ellis, III, United States District Judge
At issue, post-judgment, in this family dispute diversity action is whether plaintiff's untimely notice of appeal, filed 60 days after entry of judgment and 27 days after receiving notice of the judgment, can be rescued by either Rule 4(a)(5) or Rule 4(a)(6), FRAP. For the reasons that follow, plaintiff's arguments do not rescue her untimely notice of appeal.
I.
A brief summary of the procedural history in this case is necessary for resolution of the motion at bar. Plaintiff, a Virginia resident, filed this multi-count state law diversity action in May 2015 against eight defendants, all of whom appear to be plaintiff's family members. Specifically, defendants include: plaintiff's father, Kirit Patel ("Kirit"); plaintiff's step-mother, Krupa Patel ("Krupa"); plaintiff's uncle, Atul Patel ("Atul"); plaintiff's aunt, Nina Patel ("Nina"); plaintiff's uncle, Prabudas Patel ("Prabudas"); plaintiff's aunt, Nisha Patel ("Nisha"); plaintiff's brother, Suresh Patel ("Suresh"); and Manu Patel ("Manu").
Plaintiff generally alleged that defendants conspired to take her by force from her Virginia apartment, and then assaulted her, battered her, and falsely imprisoned her in Pennsylvania and California between May and October 2013. See Patel v. Patel , No. 1-15-cv-598, at *1 (E.D. Va. Nov. 18, 2017) (Order) (discussing the factual allegations in the complaint). Specifically, plaintiff's second amended complaint ("SAC") alleged the following claims against defendants: (i) false imprisonment against Kirit, Krupa, Atul, Nina, and Suresh; (ii) battery against Kirit, Krupa, Atul, *514 Nina, Nisha, and Suresh; (iii) assault against Kirit, Krupa, Atul, Nina, Prabudas, Nisha, and Suresh; (iv) intentional infliction of emotional distress against Kirit, Krupa, Atul, Nina, Prabudas, Nisha, and Suresh; (v) a violation of the Virginia Computer Crimes Act against Kirit; and (vi) common law civil conspiracy against all defendants.
Although all defendants were properly served with plaintiff's initial complaint, the Clerk entered default against all defendants when they failed to file timely responses. Prabudas and Nisha eventually appeared, and plaintiff voluntarily dismissed them from this case. See Patel v. Patel , No. 1-15-cv-598, at *1, 2016 WL 10520760 (E.D. Va. Sept. 6, 2016) (Order) (dismissing Prabudas and Nisha without prejudice because of the parties' stipulation). Manu and Suresh were dismissed from this case for lack of personal jurisdiction. See Patel v. Patel , No. 1-15-cv-598, at *1-3, 12, 2017 WL 5198151 (E.D. Va. July 31, 2017) (Order) (discussing the procedural history of this case and dismissing Suresh and Manu for lack of personal jurisdiction). Defendants Atul and Nina also entered appearances in this case and proceeded pro se to a jury trial. During the three-day jury trial, plaintiff was represented by Matthew Crist, her current counsel. Defendants prevailed on all claims[1] except the false imprisonment claim against Atul, for which the jury awarded plaintiff $4,000 in compensatory damages. Defendant Atul satisfied the $4,000 judgment on March 28, 2017.
The two remaining defendants are Kirit and Krupa. On December 20, 2016 plaintiff, by counsel, moved for default judgment against these two defendants, and the motion was referred to the magistrate judge for the preparation of a Report and Recommendations. The magistrate judge recommended that default judgment be denied because the allegations in plaintiff's complaint, when considered in light of the entire record, did not support her claims for relief. Plaintiff objected to this conclusion on the ground that the magistrate judge failed to follow the controlling default judgment standard, which requires courts to accept a plaintiff's well-pleaded allegations as true for purposes of liability. Furthermore, plaintiff sought a hearing at which she could present evidence of damages.
Shortly after filing plaintiff's objections to the magistrate judge's Report and Recommendations, plaintiff's counsel, Matthew Crist, filed a motion to withdraw on May 19, 2017. In a letter attached to that motion, plaintiff confirmed that she had no objection to counsel's withdrawal and understood that Mr. Crist would "no longer be monitoring the changes or any subsequent filings in this case" and that plaintiff would be "acting as [her] own representative and point of contact with the Court." (Doc. 271 Ex. 1). By Order issued on May 22, 2017, plaintiff's counsel's motion to withdraw was granted, and plaintiff proceeded pro se at that point. See Patel v. Patel , No. 1-15-cv-598, at * 1 (E.D. Va. May 22, 2017) (Order) (granting plaintiff's counsel's motion to withdraw).
On July 31, 2017, an Order issued adopting in part and denying in part the magistrate judge's recommendation regarding plaintiff's motion for default judgment. See Patel v. Patel , No. 1-15-cv-598, at *11-12, 2017 WL 5198151 (E.D. Va. July 31, 2017) (Order). Specifically, the magistrate judge's recommendation was adopted with *515 respect to the findings of fact and the recommendation concerning the dismissal of Suresh and Manu for lack of personal jurisdiction. Id. at *11. The recommendation was denied with respect to the default judgment against Kirit and Krupa. Id. at *12. The Order also scheduled a hearing for August 18, 2017 so that plaintiff could present evidence concerning her claims and requested damages. Id. Finally, the Order specifically directed the Clerk to send a copy of the Order to the pro se plaintiff and to defendants Kirit and Krupa. Although the July 31 Order mailed to the Kirit and Krupa was returned as undeliverable, the July 31 Order mailed to plaintiff was not returned as undeliverable. Plaintiff never submitted any motion for a continuance of the August 18 hearing or indicated in any way that she could not attend. Plaintiff subsequently failed to appear at the hearing scheduled for 10:00 a.m. on August 18, 2017.
When plaintiff failed to appear at the August 18 hearing, plaintiff's objections to the magistrate judge's report were decided without the benefit of a hearing, as permitted by Rule 55(b)(2), Fed. R. Civ. P. See Rule 55(b)(2), Fed. R. Civ. P. (stating that the court "may conduct hearings" to effectuate a default judgment) (emphasis added). Specifically, an Order issued on August 18 sustaining plaintiff's objections to the magistrate judge's Report and Recommendations and directing the Clerk to enter default judgment against defendants in the amount of $5,500. See Patel v. Patel , No. 1-15-cv-598, at *11-12, 2017 WL 5198150 (E.D. Va. Aug. 18, 2017) (Order). The Order also made clear that if plaintiff wished to appeal, she must "do so by filing a written notice of appeal with the Clerk's Office within thirty (30) days of the entry date of this Order, pursuant to Rules 3 and 4, Fed. R. App. P." Id. On August 21, 2017, the Clerk entered default judgment. That same day-August 21, 2017-the Clerk mailed a copy of the August 18, 2017 Order and the default judgment to plaintiff and defendants via United States mail. The August 18 Order, mailed to Kirit and Krupa at the addresses on file, was returned as undeliverable. The August 18 Order was also mailed to plaintiff at Post Office Box 3674, Laurel, Maryland 20709,[2] but was not returned as undeliverable.
Plaintiff failed to file a notice of appeal within 30 days of entry of the judgment pursuant to Rule 4(a)(1)(A), FRAP. On October 20, 2017-60 days after entry of the default judgment-plaintiff, now once again represented by her former counsel Matthew Crist, filed a motion to extend the time to file a notice of appeal pursuant to Rule 4(a)(5), FRAP. (Doc. 285). In her motion, plaintiff avers that on July 31, 2017, she spoke to the Clerk's Office, and that a clerk told her no hearing on plaintiff's motion for default judgment would be held, unless scheduled by plaintiff. Moreover, plaintiff alleges that she never received the July 31, 2017 Order scheduling a hearing for August 18, 2017. With respect to the judgment against Kirit and Krupa entered on August 21, 2017, plaintiff avers that she did not receive notice of the judgment until September 23, 2017, three days after the 30-day deadline to file a notice of appeal pursuant to Rule 4(a)(1)(A), FRAP. Plaintiff argues that this lack of timely notice of the judgment constitutes "good cause" and "excusable neglect" justifying an extension of the time to appeal under Rule 4(a)(5), FRAP.
II.
Plaintiff's motion and argument to extend the time to appeal rests solely on *516 Rule 4(a)(5). Accordingly, before resolution of the merits of plaintiff's claim, it is necessary to determine whether Rule 4(a)(5) applies in this case.
Analysis of this issue properly begins with the text of the Rule 4(a)(1)(A), which provides that a notice of appeal generally must "be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Rule 4(a)(1)(A), FRAP. Although this requirement is "mandatory and jurisdictional,"[3] district courts have two ways to grant extensions of the 30-day time period. Bowles v. Russell , 551 U.S. 205, 208, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). Under Rule 4(a)(5), district courts may extend the time to file a notice of appeal if two conditions are met: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) ... that party shows excusable neglect or good cause." Rule 4(a)(5)(A)(i)-(ii), FRAP. District courts may also reopen the time to appeal pursuant to Rule 4(a)(6), if "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Rule 4(a)(6)(A), FRAP.
The plain text of these Rules compels the conclusion that Rule 4(a)(6), and not Rule 4(a)(5), applies here because Rule 4(a)(6) addresses the precise factual scenario in this case, namely plaintiff's claim that she did not receive notice of the judgment until September 23, 2017. Specifically, Rule 4(a)(6) allows district courts to reopen the time to appeal where "the court finds that the moving party did not receive notice ... of the entry of the judgment or order sought to be appealed within 21 days after entry." Rule 4(a)(6)(A), FRAP. And here, plaintiff's only explanation for why plaintiff failed to file a timely notice of appeal is that plaintiff did not receive notice of the judgment until September 23, 2017, three days after the expiration of the 30-day deadline under Rule 4(a)(1). Accordingly, the plain text of Rule 4(a)(6) makes clear that Rule 4(a)(6) applies here, not Rule 4(a)(5), as plaintiff claims. In other words, Rule 4(a)(6), by its terms, applies where the party's only contention is that she did not receive notice of the judgment with enough time to file a timely notice of appeal. Rule 4(a)(5), by contrast, applies in those cases where notice of the judgment is received in time to comply with the requirements of Rule 4(a)(1), but some other good cause or excusable neglect justifies the party's failure to file a timely notice of appeal.
Further supporting this plain text compelled conclusion is the simple fact that to apply Rule 4(a)(5), and not Rule 4(a)(6), in this case would render Rule 4(a)(6) superfluous. Were a failure to receive notice of a judgment sufficient alone to constitute "good cause" or "excusable neglect" under Rule 4(a)(5), there would be no need for a separate rule expressly contemplating cases where, as here, the court finds "that the moving party did not receive notice ... of the entry of the judgment ...." Rule 4(a)(6)(A), FRAP. Plaintiff's interpretation of Rule 4(a)(5) thus runs afoul of the well-settled principle that "statutes should be read so far as possible to give independent effect to all their provisions." Babbitt v. Sweet Home Chapter of Comtys. for a Great Or. , 515 U.S. 687, 724, 115 S.Ct. 2407, 132 L.Ed.2d 597 (1995) (Scalia, J., dissenting) (citing Ratzlaf v. United States , 510 U.S. 135, 140-41, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) ).
*517 Nor is it appropriate to apply Rule 4(a)(5) in this case because to apply Rule 4(a)(5) here would allow clever lawyers to evade the statutory deadlines established in Rule 4(a)(6). Specifically, a party must file a Rule 4(a)(6) motion no more than 14 days after receiving notice of the judgment sought to be appealed. In contrast, parties must file a Rule 4(a)(5) motion within 30 days after the 30-day deadline in Rule 4(a)(1) expires-that is, ordinarily no more than 60 days after the entry of judgment. A specific example illuminates the potential inconsistency in the deadlines established by the two Rules. Where, as here, a party receives notice of the judgment 33 days after the judgment is entered and the party's only contention is that she did not receive timely notice of the judgment, the two Rules, if both were applicable, would establish different timelines. Under Rule 4(a)(5), a party would have 60 days after the entry of the judgment to file a motion. But under Rule 4(a)(6), a party would have less time, namely, the party would have 14 days from the time she received notice-in this case, 47 days after the entry of the judgment[4] -to file a motion. A clever lawyer could avoid the timing requirements of Rule 4(a)(6) by recasting her pleading as a Rule 4(a)(5) motion and in so doing, gain an extra 13 days to file her motion. This interpretation cannot be correct because, as the Supreme Court has made clear, "[i]t would require the suspension of disbelief to ascribe to [the Advisory Committee] the design to allow its careful and thorough ... scheme to be circumvented by artful pleading." Brown v. GSA , 425 U.S. 820, 833, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (Stewart, J.).
The statutory history of the relevant Federal Rules further buttresses this conclusion. Prior to 1991, Rule 4(a)(5) was the only means by which district courts could extend a party's time to file a notice of appeal under Rule 4(a). In 1991, the Advisory Committee added Rule 4(a)(6) to
provide[ ] a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.
Rule 4(a)(6), FRAP 1991 Advisory Committee's note. Given this history, it is clear that plaintiff's use of Rule 4(a)(5) in this case leads to the unsupportable conclusion that the Advisory Committee spent time and resources drafting a new rule to cover a factual scenario already addressed by an existing rule. See Bob Jones Univ. v. United States , 461 U.S. 574, 617, 103 S.Ct. 2017, 76 L.Ed.2d 157 (1983) (Rehnquist, J., dissenting) (rejecting an interpretation of a statute that compelled the conclusion that "Congress has spent almost a century adding illustrations simply to clarify an already defined common law term").
In sum, the text and amending history of the Federal Rules of Appellate Procedure disclose that Rule 4(a)(6), not Rule 4(a)(5), applies where, as here, a party fails to file a timely notice of appeal because the party did not receive timely notice of the judgment.
III.
Even if plaintiff were to invoke Rule 4(a)(6), as the circumstances require, that Rule would not save plaintiff's untimely notice of appeal. Rule 4(a)(6)(B) requires that a motion to reopen time to notice an appeal must be "filed within 180 *518 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rules of Civil Procedure 77(d) of the entry, whichever is earlier. " Rule 4(a)(6)(B), FRAP (emphasis added). Here, plaintiff admits that she received notice of the default judgment on September 23, 2017. Accordingly, under Rule 4(a)(6), plaintiff was required to file her motion to reopen time to appeal by October 10. Because plaintiff did not file this motion until October 20-10 days after the October 10 deadline-the motion is untimely and must be denied.
Plaintiff's arguments do not compel a contrary conclusion. Plaintiff avers that she called the Clerk's Office on July 13, 2017 and that an individual in the Clerk's Office told plaintiff that a hearing on plaintiff's default judgment motion would not take place until plaintiff scheduled the hearing. See Pl. Decl. ¶ 3. To be sure, efforts to determine the status of the case and the court's own conduct may be relevant to whether neglect predicated on a failure to receive notice can be deemed excusable. See Two-Way Media LLC v. AT & T Inc. , 782 F.3d 1311, 1316 (Fed. Cir. 2015) (citing Chipser v. Kohlmeyer & Co. , 600 F.2d 1061, 1063 (5th Cir. 1979) ). Importantly, however, plaintiff's conversations with the Clerk's Office occurred before plaintiff received notice of the judgment on September 23, 2017. After plaintiff received the judgment, she did not contact the Clerk's Office to inquire about the availability of an appeal, even though the Order itself stated that plaintiff needed to file a written notice of appeal within 30 days of entry of the Order. Plaintiff has therefore offered no adequate explanation as to why she failed to file a motion to reopen the time to appeal within 14 days of receiving notice of the judgment.
Plaintiff also avers that defendants opened an unauthorized mailbox in her name, impeding her ability to receive her mail. See Pl. Decl. ¶ 10. But again, plaintiff admits that she received notice of the judgment on September 23, 2017, and offers no explanation for her failure to file a motion to reopen the time to appeal within 14 days of receiving that judgment.
Nor does plaintiff's former status as a pro se litigant change this result. It is axiomatic that although pro se pleadings are construed liberally, "pro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure." United States v. Wilkes , 20 F.3d 651, 653 (5th Cir. 1994) ; Gather v. Okarng , 2011 WL 11563900, at *1 (10th Cir. 2011). And, as the Supreme Court has made clear, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell , 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). Thus, plaintiff's former pro se status cannot cure the untimeliness of her motion.
IV.
In sum, the text and history of the Federal Rules of Appellate Procedure reflect that Rule 4(a)(6), not Rule 4(a)(5), applies to cases where, as here, a party seeks to extend her time to appeal based solely on a lack of notice of the judgment. Plaintiff failed to file her motion within 14 days after she received notice of the judgment as required under Rule 4(a)(6).
Accordingly, and for good cause,
It is hereby ORDERED that plaintiff's motion to extend the time to file a notice of appeal is DENIED. (Doc. 285).

Among the claims on which defendants Atul and Nina prevailed was the claim by plaintiff of common law civil conspiracy in which plaintiff alleged that Atul and Nina conspired with the other six defendants to commit the following torts: false imprisonment, assault, batter, and conversion of plaintiff's property.

Plaintiff provided this Post Office Box address in a letter she wrote accompanying her former counsel's motion to withdraw.

Browder v. Dir., Dep't of Corrections , 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (internal quotation omitted).

The party would have 47 days to file the motion under Rule 4(a)(6) because: (i) the party received notice 33 days after entry of the judgment; (ii) the party has 14 days after receiving notice to file the motion.