# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 18-6819

SHERRY C. BENSON,                                                                      APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS,                                                         APPELLEE.

Before BARTLEY, *Chief Judge*, and GREENBERG and TOTH, *Judges.*

## O R D E R

### I.

On September 26, 2017, the Board of Veterans' Appeals mailed a decision denying appellant Sherry C. Benson's application for recognition as the surviving spouse of veteran Charles Ray Benson for the purpose of receiving VA Dependency and Indemnity Compensation (DIC). The appellant filed a motion for reconsideration with the Board on February 1, 2018, 128 days after the Board decision was issued. The Board Chairman denied reconsideration on July 6, 2018. The appellant filed a Notice of Appeal (NOA) with the Court on November 6, 2018, 123 days after reconsideration was denied. She admits that her late filing to the Court was based on a mistaken belief that 120-day filing period meant she had a full 4 months—that is, from July 6 to November 6—to appeal. *See* Appellant's Mar. 12, 2020, Response.

On January 31, 2019, the Secretary moved to dismiss the instant appeal for lack of jurisdiction because the appellant failed to file a timely NOA. The Secretary argued that the appellant's NOA was untimely, that she had not asserted a compelling reason for her failure to submit a timely NOA, and that there were no factors here that would permit equitable tolling of the appeal period. Secretary's Motion at 2-3 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Secretary also argued that the appellant had not tolled the period for filing an NOA by means of filing a timely motion for reconsideration of the September 26, 2017, Board decision. *Id*. at 2 (citing *Rosler v. Derwinski*, 1 Vet.App. 241, 245 (1991)).

On March 7, 2019, the Court ordered the appellant to respond to the Secretary's motion and explain why her appeal should not be dismissed as untimely. On April 24, 2019, the appellant responded, stating that she had experienced "severe circumstances" that prevented her from timely filing her appeal. Appellant's Apr. 24, 2019, Response at 2. The appellant submitted another response on August 12, 2019. She wrote that she had left her job in May 2017 because she had been sexually harassed. Appellant's Aug. 12, 2019, Response at 1. At the same time, she wrote, her living conditions had compelled her to move in with her sister. *Id*. And though the appellant found a new job and a new apartment around August 2017, she was fired on the day that she moved into her new domicile. *Id*. She was evicted on January 21, 2018. *Id*.

On October 17, 2019, this matter was sent to a panel to consider whether equitable tolling was warranted. On December 3, 2019, the Court issued a stay of proceedings for 30 days to allow the appellant to seek representation. On February 5, 2020, an attorney filed his appearance on the appellant's behalf.

On March 12, 2020, Ms. Benson through counsel filed a supplemental response expanding upon her earlier arguments. *See* Appellant's Mar. 12, 2020, Response. The Court is satisfied that the appellant has provided sufficient information for the Court to deny the Secretary's motion to dismiss.

**II.**

A claimant dissatisfied with the Board's decision has options for relief. First, the claimant may seek Board Chairman reconsideration of the Board decision. *See* 38 U.S.C. § 7203; 38 C.F.R. § 20.1000 (2019). There is no limit to the number of times a claimant may seek Board Chairman reconsideration of the same Board decision, nor is there any deadline within which a motion for reconsideration must be filed. *See Perez v. Derwinski*, 2 Vet.App. 149, 150 (1992); *Rosler v. Derwinski*, 1 Vet.App. 241, 244, 249 (1991); 38 C.F.R. § 20.1001 (2019) ("Reconsideration of an appellate decision may be accorded at any time by the Board . . . ."). Second, a claimant may file a timely NOA with this Court. *See* 38 U.S.C. § 7266; *Bove v. Shinseki*, 25 Vet.App. 136, 138-43 (2011) (per curiam order).

To be timely, an NOA generally must be filed with the Court within 120 days after the Board mails notice of its decision. 38 U.S.C. § 7266(a). If, however, a "claimant files a motion for reconsideration with the Board during the 120-day judicial appeal period, the finality of the initial Board decision is abated by that motion for reconsideration." *Threatt v. McDonald*, 28 Vet.App. 56, 60 (2016) (per curiam order) (citing *Rosler,* 1 Vet.App. at 249). In such a case, a timely NOA may be filed within 120 days after the Board Chairman's denial of reconsideration is mailed. *Id.* Yet, the 120-day deadline to file this motion for reconsideration is subject to equitable tolling. *See Raybine v. Wilkie,* 31 Vet.App. 419, 421 (2019).

To establish equitable tolling, the appellant must demonstrate (1) an extraordinary circumstance; (2) due diligence in attempting to file; and (3) a connection between the extraordinary circumstance and failure to timely file. *See Toomer v. McDonald*, 783 F.3d 1229, 1238 (Fed. Cir. 2015); *Checo v. Shinseki*, 748 F.3d 1373, 1378 (Fed. Cir. 2014); *McCreary v. Nicholson*, 19 Vet.App. 324, 332 (2005), *adhered to on reconsideration*, 20 Vet.App. 86 (2006). "Equitable tolling is not limited to a small and closed set of factual patterns," and the Court must consider equitable tolling on a "case-by-case basis," "avoiding mechanical rules," and observing "the need for flexibility." *Sneed v. Shinseki*, 737 F.3d 719, 726 (Fed. Cir. 2013) (internal quotation marks omitted). It is the appellant's burden to produce any evidence necessary to support his or her argument for equitable tolling. *Palomer v. McDonald*, 27 Vet.App. 245, 251 (2015) (per curiam order).

Additionally, under this Court's Rules of Practice and Procedure, "an untimely Notice of Appeal will be treated as timely if . . . the Notice of Appeal is received within 30 days after the

expiration of the filing deadline and the appellant demonstrates good cause or excusable neglect for failure to file the Notice of Appeal within the 120-day period." U.S. VET. APP. R. 4(b)(3)(B)(i).

"Excusable neglect" is not defined in this Court's Rules, nor in Rule 4 of the Federal Rules of Appellate Procedure, from which U.S. VET. APP. R. 4(b)(3)(B)(i) is derived. But both the Supreme Court and the Federal Circuit have cited "a simple 'miscalculation' that leads a [party] to miss a filing deadline" as an example of "a garden variety claim of excusable neglect." *Menominee Indian Tribe v. United States*, 136 S. Ct. 750, 757 (2016); *Sneed v. McDonald*, 819 F.3d 1347, 1351 (Fed. Cir. 2016). Other courts have likewise concluded that calendaring errors can constitute excusable neglect, at least depending on the circumstances of the case. *See, e.g.*, *Locke v. Suntrust Bank*, 484 F.3d 1343, 1346 (11th Cir. 2007); *United States v. Brown*, 133 F.3d 993, 997 (7th Cir. 1998); *Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir. 1996). In considering whether excusable neglect has been shown, the Supreme Court has said that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," which include

(1) the danger of prejudice to the non-moving party;
(2) the length of the delay and its potential impact on judicial proceedings;
(3) the reason for the delay, including whether it was within the reasonable control of the movant; and
(4) whether the movant acted in good faith.

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Two-Way Media LLC v. AT&T, Inc.*, 782 F.3d 1311, 1316 (Fed. Cir. 2015) ("The district court not only may, but should, consider all relevant circumstances in determining whether a party's failure to file a timely appeal was excusable. At bottom, [Federal Rule of Appellate Procedure] 4(a)(5) assumes some neglect on behalf of the non-filer and directs the district court to exercise its equitable discretion to determine whether that neglect should be excused." (internal quotation marks and citations omitted)).

The appellant filed her motion for reconsideration on February 1, 2018, 128 days after the Board mailed its September 27, 2017, decision. Because this filing was not within the 120-day appeal period, the finality of the September 2017 Board decision was not abated. *See Rosler*, 1 Vet.App. at 249. Additionally, even if the finality of the Board decision had been abated, the appellant's November 6, 2018, NOA would be untimely because it was filed 123 days after the Chairman denied reconsideration on July 6, 2018. 38 U.S.C. § 7266(a). Therefore, the merits of the appellant's appeal may be heard by the Court only if (1) equitable tolling is applied to at least 8 days during the 128-day period from the date the Board decision was mailed and the appellant filed her motion for reconsideration, and (2) the Court accepts the appellant's contention that her delay in filing was due to good cause and excusable neglect.

### III.

The Court finds that the appellant experienced extraordinary circumstances beyond her control and that these circumstances caused the late filing of her motion for reconsideration. *See Toomer*, 783 F.3d at 1238. The appellant was sexually harassed at work in the period ending several months before the Board's September 2017 decision. *See* Appellant's Aug. 12, 2019, Response at 1. This harassment set in motion a chain of events culminating in a court-ordered eviction in January 2018, 3 days before her appeal was due.

In May 2017, the appellant filed a formal complaint with her employer, but ultimately left her employment as a result of the sexual harassment. *Id*. During the same period, partly because of the loss of income, Appellant's Apr. 27, 2020, Response at 3, as well as deteriorating living conditions, Appellant's Aug. 12, 2019, Response at 1, the appellant moved in with her sister. Although the appellant found a new job and residence 1 month before the Board's September 2017 decision, she lost that job through no fault of her own on the same day that she moved into her new residence, and consequently, she was forced to apply for and rely on unemployment benefits. *Id*. She was then evicted on January 21, 2018, 117 days after the Board mailed its September 2017 Board decision and 3 days before her appeal was due. *Id*.; Appellant's Apr. 27, 2020, Response at 4.

Keeping in mind that "[e]quitable tolling is not limited to a small and closed set of factual patterns," and that that the Court must not apply a "mechanical rule," *Sneed*, 737 F.3d at 726, the Court finds that the appellant certainly experienced extraordinary circumstances during the 128 days between the mailing of the Board decision and the filing of her motion for reconsideration. The sexual harassment the appellant experienced at work in May 2017 was beyond her control; moreover, as a direct result of that event, the appellant became unemployed, found and lost a new job, had to move 3 times over a 10-month period (which included a court-ordered eviction), and was forced to navigate the State unemployment system. The Court finds that the appellant's untimely filed motion for reconsideration is subject to tolling because the totality of these problems constituted extraordinary circumstances. Further, the Court agrees with the appellant that these circumstances prevented her from timely filing a motion for reconsideration. *See* Appellant's Aug. 12, 2019, Response at 1. The appellant was also diligent in attempting to timely file her motion for reconsideration, despite these unfortunate employment- and housing-related disruptions. Although the appellant was evicted from her home on January 21, 2018, she still managed to file her initial motion for reconsideration by February 1, 2018, missing the deadline to file by only 8 days. *See* Appellant's Aug. 12, 2019, Response at 1. The Court will therefore toll the 120-day deadline to file a motion for reconsideration.

### IV.

The Court also finds that as to the untimely filed NOA, the appellant's miscalculation of the 120-day deadline amounts to excusable neglect based on the four factors outlined in *Pioneer Investment Services*, *see* 507 U.S. at 395, and the specific circumstances of this case, *see Two-Way Media*, 782 F.3d at 1316. First, VA is not prejudiced by the Court's accepting the appellant's appeal as timely. Second, the delay was short and insignificant to judicial proceedings because the appellant was only 3 days late in filing her appeal to the Court. Third, though the delay was based

on a miscalculation of the 120-day deadline and thus was not out of her control, the Court is mindful that Ms. Benson was acting without the assistance of an attorney and was not familiar with the appeals procedure. Fourth, the Court finds that the appellant acted in good faith in filing her appeal by what she believed was the deadline.

The Court will therefore deny the Secretary's motion to dismiss and accept the appellant's November 6, 2018, NOA as timely filed.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's January 31, 2019, motion to dismiss the appeal is denied. It is further

ORDERED that the appellant's November 6, 2018, NOA is accepted as timely filed. And it is further

ORDERED that within 60 days from the date of this order, the Secretary shall serve a copy of the record before the agency on the appellant and shall file notice of such with the Court.

DATED: June 4, 2020                                    PER CURIAM.

GREENBERG, *Judge*, concurring: I join this unanimous opinion because it is beneficial to the claimant. I maintain that I disagree with the Court's current framework for an equitable tolling analysis.

.