NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID A. ADEYI,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1400

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-884, Judge Joseph L. Toth.

---

Decided:  February 16, 2022

---

DAVID ADEYEMI ADEYI, Bronx, NY, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, ROBERT EDWARD KIRSCHMAN, JR.; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

## BACKGROUND

David A. Adeyi appeals from the decision of the United States Court of Appeals for Veterans Claims (Veterans Court). *Adeyi v. Wilkie*, No. 19-0884, 2020 WL 1237739 (Vet. App. Mar. 16, 2020) (*Veterans Court Decision*). The Veterans Court affirmed the decision of the Board of Veterans' Appeals (Board), which denied service connection for right and left knee disorders. *Id.* at *1.

Mr. Adeyi served on active duty in the U.S. Army from February 2002 to July 2002 and from September 2004 to September 2005, with additional Reserve service. *Id.* In 2003, he served as an exchange soldier in Norway. *Id.* In an April 2003 medical review, Mr. Adeyi reported a right knee injury, incurred during an in-service skiing accident. *Id.*; Suppl. App. (S.A.) 21.[1] But in subsequent medical reviews over the next one-and-a-half years, he reported no medical problems, including knee problems. *Veterans Court Decision*, 2020 WL 1237739, at *1. His separation examination was normal. *Id.*

Nearly a decade after he left service, Mr. Adeyi sought disability compensation for his right and left knees, alleging that they were injured in the skiing incident. *Id.* He was examined twice by the VA. *Id.* In May 2012, the examiner diagnosed Mr. Adeyi with a right knee sprain and reviewed his medical history. He opined that, based on his present condition and the historical medical records, the knee sprain was "less likely than not" related to service.

---

[1]    References to the Supplemental Appendix refer to the appendix filed with the government's informal brief, ECF No. 12.

*Id.* In December 2015, another examiner observed that Mr. Adeyi had injured his right knee in 2003 but did not have a current right knee condition. *Id.* The examiner also found that Mr. Adeyi's left-knee arthralgia was not related to service. *Id.* The Board denied service connection for both knees. *Id.*

Mr. Adeyi appealed the decision to the Veterans Court. *Id.* He alleged the Board made erroneous credibility determinations, relied on deficient VA medical opinions, and provided an inadequate rationale for its findings. *Id.* The Veterans Court rejected these arguments in its decision dated March 16, 2020. *Id.* at *1–3. The Veterans Court denied Mr. Adeyi's motion for reconsideration and entered final judgment on April 15, 2020. S.A. 4. Mr. Adeyi appeals the Veterans Court's decision.

## DISCUSSION

We dismiss the appeal as untimely filed and, therefore, for lack of jurisdiction. Mr. Adeyi's notice of appeal was received on October 17, 2020, more than six months (185 days) after the Veterans Court entered judgment on April 15, 2020. ECF No. 1. To be timely, a notice of appeal must be received by the Veterans Court within 60 days of the entry of judgment. *See* 38 U.S.C. § 7292(a); *see also* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). We have previously explained that the Supreme Court "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional,'" and "it has clearly but indirectly indicated that the same conclusion applies to appeals under section 7292(a) from the Veterans Court to this court." *Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013) (quoting *Bowles v. Russell*, 551 U.S. 205, 209 (2007) and *Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011)). Because Mr. Adeyi failed to file his notice of appeal by June 14, 2020, we have no jurisdiction over this appeal.

That is so even though, on July 30, 2020, Mr. Adeyi filed a motion with the Veterans Court to extend the time

to file a notice of appeal. S.A. 31. On August 27, 2020, the Veterans Court denied the motion because, by statute, such a motion must be filed "not later than 30 days after the expiration of the time otherwise set for bringing appeal." S.A. 2 (quoting 28 U.S.C. § 2107(c)). The Veterans Court also noted that, even if Mr. Adeyi's motion for extension was considered a motion to reopen the time for appeal, relief could not be granted on that ground because Mr. Adeyi had not asserted that he did not timely receive notice of the April 15, 2020 judgment. *Id.*

The Veterans Court's order denying the motion noted that, under Federal Circuit precedent, the denial of the motion was itself a final order that may be appealed. S.A. 3 (citing *Two-Way Media LLC v. AT&T, Inc.*, 782 F.3d 1311, 1314 (Fed. Cir. 2015)). However, Mr. Adeyi did not appeal the denial of his motion; his appeal instead is limited to only the decision on the merits. *See* ECF No. 1-2, at 1 (identifying that he was appealing the decision dated March 16, 2020); *see generally* Appellant's Informal Br. In his reply brief, Mr. Adeyi asserts that "he did not receive judgment order notices under the Federal Rule of Civil Procedure 77(d), because he was forced to leave the city/state of New York during the Covid-19 pandemic." Appellant's Informal Reply Br. 1. However, this assertion is too-late raised to be deemed an appeal of the Veterans Court's denial to reopen the time for appeal, and it was never presented to the Veterans Court in Mr. Adeyi's original motion to extend the time. Our court therefore lacks jurisdiction to consider Mr. Adeyi's appeal on the merits, given that we have "no authority to create equitable exceptions to jurisdictional requirements." *Bowles*, 551 U.S. at 214.

Therefore, the untimely-filed appeal of the Veterans Court's decision on the merits is dismissed for lack of jurisdiction. The parties shall bear their own costs.

**DISMISSED**